UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON C. YOUKER,<br><br>Defendant. | No.   2:14-CR-0152-SMJ-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument,[1] is Defendant Jason Youker's Motion for Reconsideration of Order Appointing Standby Counsel, ECF No. 139. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

**A.    Background.**

On March 12, 2015, Defendant filed a Motion to Proceed Pro Se. ECF No. 128. The Court granted this motion and appointed Mark Casey, who had served as Defendant's attorney, as standby counsel. ECF No. 132. Defendant now moves the Court to reconsider this decision, basing his argument primarily on the fact

---

[1] Defendant noted this motion with oral argument. However, as this Court's Case Management Order, ECF No. 51 at 4, makes clear, a motion noted for oral argument must be set for the pretrial conference, which is currently scheduled for June 10, 2015.

ORDER **-** 1

that he has the right to "manage" his own defense and that Mr. Casey's appointment is interfering with his attempt to obtain and review discovery.

**B.    Legal analysis.**

Pursuant to Local Criminal Rule, "[m]otions for reconsideration are disfavored." LCrR 12(c)(5). The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. Here, Defendant cannot meet this burden.

Defendant's argument objecting to the appointment of Mr. Casey as standby counsel is unavailing. The Court made no error, much less manifest error, when it appointed standby counsel pursuant to *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Just last year, the Ninth Circuit interpreted *McKaskle* as imposing "certain limitations to protect a pro se defendant's *Faretta* right against unsolicited and excessively intrusive participation by standby counsel." *U.S. v. French*, 748 F.3d 922, 933 (2014). The language used by the Ninth Circuit is instructive. There are "certain limitations" against "unsolicited and extensively intrusive participation" by unwanted standby counsel. This means that as long as the participation is not unsolicited or extensively intrusive, there is no Sixth Amendment issue with appointing standby counsel over a Defendant's objection.

//

This is precisely why this Court took great care to limit Mr. Casey's role in a way that is designed to respect Defendant's right to self-representation. Specifically, the Court wrote "Mr. Casey will not . . . act on Defendant's behalf without clear direction of invitation from Defendant. Mr. Casey will not direct any investigation of the case, request discovery, or file motions unless Defendant expressly requests such assistance. As a corollary, Defendant must be clear in his requests to counsel." ECF No. 132 at 5-6. Given these limitations, the Court is confident that Defendant's right to manage his case and to represent himself is well preserved.

The Court understands that Defendant's primary concern at present is his desire to be the direct recipient and keeper of the discovery materials. Unfortunately, the Court is unfamiliar with all of the many administrative rules and regulations governing mail and possession of documents in the facility where Defendant is currently housed. Having standby counsel act as a repository is the most practical way for the Court to ensure that the discovery materials are not lost, confiscated, or otherwise made unavailable to Defendant.

To the extent that its order was unclear as to what the Court expects of Mr. Casey, it will now clarify. It is standby counsel's responsibility, as an officer of the Court, to ensure that Defendant is able to review discovery materials in a reasonably prompt manner. Further, the Court expects standby counsel to be

reasonably available to receive requests, instructions, and communications from Defendant. This means that Defendant must have the ability to reach standby counsel. Of course, the Court also expects Defendant to work with standby counsel's schedule when discussing logistics.

The Court recognizes that Defendant's incarcerated status presents certain difficulties to him in the preparation of his defense. It is one of the realities which the Court attempted to communicate to Defendant when Defendant insisted on representing himself in this criminal proceeding. The Court's appointment of standby counsel is intended to ease some of these administrative difficulties and the Court does not find any error in its decision to appoint Mr. Casey as standby counsel over the Defendant's objection.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration of Order Appointing Standby Counsel, **ECF No. 139**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to Defendant.

**DATED** this 20th day of April 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Criminal\2014\USA v Youker-0152\youk ord deny recon lc2.docx

ORDER **-** 4