1

2

3                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF WASHINGTON
4

5   UNITED STATES OF AMERICA,        No.   14-CR-00152-SMJ-1

6                    Plaintiff,

                                     **ORDER DENYING MOTION TO**
7          v.                        **DISMISS THE INDICTMENT**

8   JASON CHARLES YOUKER,

9                    Defendant.

10        Before the Court, without oral argument, is Defendant Youker's Motion to

11   Dismiss the Indictment, ECF No. 168. The United States Attorney's Office

12   (USAO) has submitted a response. ECF No. 190. Having reviewed the pleadings

13   and the file in this matter, the Court is fully informed and denies the motion.

14                    **I.    BACKGROUND.**

15        On September 19, 2014, Defendant Youker was taken into federal custody

16   pursuant to a criminal complaint alleging violations of 21 U.S.C. §§ 841(a)(1) and

17   (b)(1)(B)(viii). ECF No. 4. Defendant Youker made an initial appearance before

18   Magistrate Judge Hutton who appointed Defendant Youker counsel. ECF No. 7.

19   At that same hearing, the USAO filed a motion for detention. *Id*. On September

20

ORDER - 1

22, 2014, Mr. Robert Fischer entered an appearance on behalf of Defendant Youker. ECF No. 13.

On September 24, 2014, Defendant Youker, represented by counsel, appeared before Magistrate Judge Rodgers for a probable cause and bail hearing. ECF No. 15. At this hearing, the Government produced the Pretrial Services Report, ECF No. 14, and moved for the detention of Defendant Youker. ECF No. 15. The USAO argued that detention should be ordered because the case involved a drug offense with a maximum penalty of 10 years or more; there was a serious risk that Defendant Youker may flee; and Defendant Youker may pose a safety risk to any other person and the community. ECF No. 3. The Court granted the motion, finding that there were no combinations of conditions to ensure that Defendant Youker was not a risk of flight or did not pose a risk to the community, and detained Defendant Youker pending further order of the Court. ECF No. 15.

On October 15, 2014, the USAO filed an indictment charging Defendants Youker, Daniel, and Howard with multiple counts relating to methamphetamine and heroin distribution and firearms offenses. ECF No. 16. Soon after, the Court issued a Case Management Order as to Defendants Youker and Howard, setting the pre-trial conference for November 18, 2014, and trial for December 8, 2014. ECF No. 51. This Order did not apply to Defendant Daniel because she had not been taken into custody nor arraigned at that point.

On October 30, 2014, Defendant Howard filed a Motion to Continue. ECF No. 57. In that request, counsel for Defendant Howard stated that additional time was necessary for counsel to consider discovery, prepare pre-trial motions, and present a proper defense. *Id.* at 2. The Court granted Defendant Howard's motion, setting the trial date for March 23, 2015 and declaring the time between November 13, 2014 and March 23, 2015 as excludable time for purposes of the Speedy Trial Act. ECF No. 76. Defendant Youker did not oppose Defendant Howard's request. *Id.* at 1.

On November 4, 2014, the Court removed Mr. Fischer as counsel for Defendant Youker, and referred appointment of new counsel to Magistrate Judge Rodgers. ECF No. 67. That same day, the USAO filed a Superseding Indictment including new charges for all three defendants. ECF No. 59. On November 6, 2014, the Court appointed Mr. Mark Casey as counsel for Defendant Youker. ECF No. 69.

On January 7, 2015, Defendant Daniel was taken into custody and arraigned. ECF Nos. 100 and 101. The excluded time resulting from Defendant Howard's request for continuance applied to all codefendants, including Defendant Daniel. ECF No. 110. On January 29, 2015, Defendant Daniel requested a continuance of the March 23, 2014 trial date, with a suggested new trial date of July 20, 2015, to allow time for counsel to review discovery, prepare

pre-trial motions, and present a proper defense. ECF No. 118. Defendant Daniel's counsel, Mr. Philip Edward Nino, stated that neither the USAO nor Defendants Howard and Youker objected to the continuance. ECF No. 118, at 4-5. Mr. Nino's statement notwithstanding, Defendant Youker chose not to waive his speedy trial rights or submit a statement of reasons. ECF No. 127 at 2. Nonetheless, the Court granted Defendant Daniel's motion on March 4, 2015, set trial for July 22, 2015, and declared the time from January 29, 2015 to July 22, 2015 as excludable from speedy trial calculations. ECF No. 127.

On March 12, 2015, Defendant Youker filed a Motion to Dismiss Counsel and Proceed Pro Se. ECF No. 128. After conducting a colloquy, the Court granted this motion. ECF No. 132. But, the Court opted to appoint Mr. Casey as standby counsel and outlined specific and limited duties that Mr. Casey would continue to perform at Defendant Youker's direction, namely to serve as an intermediary between Defendant Youker and the private investigator and to shepherd certain discovery materials that Defendant Youker could not keep in pretrial detention. ECF No. 132 at 5-6. The Court also granted Defendant Youker's request to move his pretrial detention to Spokane County Jail in order to make use of the legal resources there. *Id.* at 6.

On April 8, 2015, Defendant Youker filed a motion requesting discovery from the USAO. ECF No. 138. The Court granted the motion in part and denied it

in part, permitting Defendant Youker to possess whatever discovery was permitted by Spokane County Jail officials in pretrial detention. ECF No. 157.

On May 8, 2015, Defendant Youker filed the instant motion. ECF No. 168. In it, he argues for dismissal of the Superseding Indictment on the account of Due Process violations as they pertain to self-representation rights and discovery access, as well as alleges Speedy Trial violations. *Id.* The Court addresses each of these arguments in turn.

## II.    DISCUSSION

**A.    Right to self-representation and standby counsel**

Defendant Youker believes that the Court denied his right to self-representation under the Sixth Amendment in two ways—by disregarding his request to represent himself on October 17, 2014, thereby not permitting him to represent himself until March 24, 2015, and by appointing standby counsel over his objection once he was pro se. ECF No. 168 at 2-5. The Court addresses each claim in turn.

### 1.    Request to proceed pro se.

In *Faretta*, the Supreme Court recognized that a defendant who wishes to proceed pro se is "[relinquishing], as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 835 (1975). Because counsel generally affords the accused a more

competent defense, the accused "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 279 (1942)). This means the Court may not infer a waiver of the right to counsel. *Sandoval v. Calderon*, 231 F.3d 1140, 1148 (9th Cir. 2000). Indeed, "[t]o invoke his right to self-representation, a criminal defendant must assert that right in a manner that's 'timely, not for purposes of delay, *unequivocal*, voluntary, [and] intelligent.'" *United States v. Carpenter*, 680 F.3d 1101, 1102 (9th Cir. 2012) (quoting *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009)) (emphasis in the original).

Here, Defendant Youker did not make such a waiver until the *Faretta* colloquy with the Court on March 27, 2015. ECF No. 132 at 2. Defendant Youker had been represented by counsel at all stages of this case, first by Mr. Fischer from September 19, 2014 until November 4, 2014, and then by Mr. Casey from November 6, 2014 until March 27, 2015. During these periods, Defendant Youker's request to represent himself was equivocal at best.

Defendant Youker believes that he requested to represent himself during his arraignment hearing on October 17, 2014 and cites his Notice to Provide Alibi, ECF No. 54 at 3, as proof. ECF No. 168 at 4. This Notice does indeed state that Defendant "requested to represent himself." ECF No. 54 at 3. This does not form

ORDER - 6

the complete picture. Notably, the minutes for the October 17, 2014 hearing state that Defendant Youker "indicated that he would like to represent himself until he can be appointed a different attorney." ECF No. 27. Magistrate Judge Rodgers also informed Defendant that "Mr. Fischer would represent [him] for this hearing, and his oral Motion for Appointment of New Counsel will be held on a separate date." *Id.* The representations in the minutes are well supported by the subsequent record in this case.

On October 20, 2014, Defendant's counsel Mr. Fischer filed an Ex Parte Motion to withdraw as counsel due to irreconcilable differences. ECF No. 31. During the attendant colloquy, the Defendant indicated that there was an irreconcilable breakdown in communication and that he wanted the Court to appoint new counsel. ECF Nos. 67 and 68. Pursuant to the Court's Ex Parte Order, ECF No. 68, Magistrate Judge Rodgers appointed Mr. Casey as counsel. ECF No. 69. Defendant does not claim that he made any objection to this appointment during his colloquy before this Court or the appointment hearing before Magistrate Judge Rodgers.

The Court also finds it relevant to note that in response to Defendant Youker's attempts to file pro se motions, *see, e.g.*, ECF Nos. 90 and 120, the Court informed him that it would not consider pro se motions from a represented Defendant, unless it was a motion to proceed pro se. ECF No. 94. Despite this

Order, which was filed in December 2014, Defendant Youker did not make a motion to proceed pro se until March 2015.

Ultimately, the Court finds that Defendant Youker did not request to proceed pro se on October 17, 2014. Instead, he had differences with his first appointed counsel that required substitution. Because of this, Defendant did not make an unequivocal request to proceed pro se until he filed his Motion to Dismiss Counsel and Proceed Pro Se, ECF No. 128, on March 4, 2015. For these reasons, the Court did not violate Defendant's right to self-representation between October 17, 2014 and March 24, 2015.

2.    <u>Standby counsel.</u>

Defendant Youker also argues that the appointment of Mr. Casey as standby counsel as part of the Court's granting his Motion to Proceed Pro Se violates his right to self-representation because he is unable to manage his own defense. ECF No. 168 at 4. The Court has articulated the basis for appointing standby counsel and its legal permissibility extensively. *See* ECF Nos. 132, 149, and 157.

Nonetheless, the Court will briefly reiterate that *McKaskle*[1] allows appointment of stand-by counsel over a defendant's objection. Here, the Court's orders clearly delineate the role of standby counsel and ensure that Defendant Youker will be able to review discovery regardless of whether he is able or unable

---

[1] *McKaskle v. Wiggins*, 465 U.S. 168 (1984).

ORDER - 8

to keep it with him in pretrial detention and that he will be in charge of managing his defense. For these reasons, the appointment of standby counsel has not violated Defendant Youker's right to self-representation or to manage his own defense.

**B.    Discovery**

Citing *Brady v. Maryland*, 373 U.S. 83 (1963), *Gigilio v. United States*, 405 U.S. 150, 153 (1972), as well as Washington State case law, Defendant Youker claims that the USAO has not produced discovery and thereby violated his rights as a defendant. ECF No. 168 at 6-7. Also, Defendant Youker believes the appointment of standby counsel interferes with his ability to manage his case and claims that he still does not possess discovery in this case. *Id.* at 6. Finally, Defendant Youker believes the USAO presented perjured testimony during the detention hearing and that his Eighth Amendment rights have been violated as a result of impermissible pretrial detention. ECF No. 168 at 7-8.

1.    *Brady* and *Giglio* Motions.

*Brady* established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. *Giglio*, in turn, extended this principle to apply to evidence that could be used to impeach a witness's credibility. 405 U.S. at 154.

There are three elements to a *Brady* or *Giglio* violation: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *United States v. Williams*, 547 F.3d 1187, 1202 (9th Cir. 2008) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) (internal quotation marks omitted)). To bring a *Brady* or *Giglio* claim, a defendant "bears the initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it." *United States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009). Here, Defendant Youker has failed to meet this initial burden.

No evidence presented by Defendant Youker suggests or otherwise supports an inference that the government has failed to disclose any discovery. In his Motion, Defendant Youker has indicated that he "still has no discovery." ECF No. 168 at 7. This representation, by itself, is insufficient to establish his burden to produce "some evidence." This is especially true given the USAO's representation that "discovery was provided to the Defendant in regular fashion through [his then appointed] counsel" and that "counsel for the Defendant filed no motions in which discovery violations were alleged." ECF No. 90 at 5. The Court must assume that

Mr. Fischer and Mr. Casey—both capable attorneys—would have filed discovery motions had the USAO not been forthcoming with discovery.

Instead, the Court believes Defendant Youker's present motion stems from his frustration with the difficulties he has encountered in obtaining discovery since receiving pro se status. Accordingly, the Court denies Defendant Youker's motion insofar that it claims *Brady* and *Giglio* violations.

2.   <u>Access to discovery during pretrial detention.</u>

Defendant Youker claims that he has still not been able to access any discovery and that he cannot manage his own case. ECF No. 168 at 6. Further, Defendant questions whether the procedures that the Court has ordered will be sufficient to ensure that he is able to effectively represent himself.

Following the decision in *Brady*, the Supreme Court held that "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). That said, a *Brady* violation exists where there has been actual prejudice to a defendant resulting from the Government suppression of exculpatory evidence. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The Government need not disclose all evidence pretrial, only evidence classified as *Brady* evidence. *See*, *e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *United States v. Ruiz*, 536 U.S. 622, 629 (2002). Additionally, it is well

established that "an incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). However, this access is not unlimited and must be balanced against legitimate security considerations and resources of the prison. *Id.* at 1446-47; *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). Access to discovery need not be optimal to be permissible as long as the limitations imposed are reasonable. *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Circuit 1995) (finding that a pro se defendant's access to discovery materials was not impermissibly restricted even though he was incarcerated and had only approximately 20 hours to inspect 250,000 pages of Government documents.). With this understanding, the Court assesses Defendant Youker's claim.

The Court ordered discovery be available to the Defendant in his jail cell, subject to Spokane County Jail policy and procedure. ECF No. 157 at 5-6. In so doing, the Court expressly wished not to "micromanage" Spokane County Jail officials in administering jail policies, and did not wish to contradict any policy that prohibited Defendant Youker from keeping prohibited materials in his cell. ECF No. 157 at 6.

The Court found a reasonable solution to this issue—appointing stand-by counsel for Defendant Youker. ECF No. 132 at 4-6. The Court specifically established that it was "standby counsel's responsibility, as an officer of the Court, to ensure that Defendant is able to review discovery materials in a reasonably prompt manner." ECF No. 149 at 3. Though Defendant Youker is under no obligation to make use of stand-by counsel, the Court reminds Defendant Youker that Mr. Casey is available to go over discovery materials that may not be held at Spokane County Jail and able to conduct research and assist Defendant Youker in processing the discovery materials. These procedures are more than adequate and any limitations are reasonable in light of Spokane County Jail's legitimate security concerns and limitations of resources.

Further, after the present motion was filed, the USAO submitted an unprompted proposal to ensure Defendant Youker has access to discovery while in pretrial detention. ECF No. 182. Under the proposed procedures, Spokane County Jail would maintain custody of discovery materials that Defendant Youker may checkout and review in either a visiting booth or the law library, so long as jail staff retain control over the materials. *Id.* Defendant Youker has submitted a response to the USAO proposal, ECF No. 197, requesting all discovery materials made available as loose leaf (not in binders) so that he may have them in his jail cell. The Court finds the USAO's proposal to be more than reasonable under the

controlling legal standards. In light of this proposal and other reasonable steps taken by the USAO to ensure access to discovery, the Court does not believe that Defendant Youker has been prejudiced in this regard since deciding to proceed pro se.

       3.   <u>Detention Order.</u>

Defendant Youker once again challenges his detention, this time arguing that the testifying law enforcement officer presented perjured testimony. ECF No. 168 at 6-7. Though not on these specific grounds, this is an issue that Defendant has sought to challenge repeatedly. ECF Nos. 185, 120, 90, and 86. The Court has already determined that detention is proper in this case and provided extensive justification. ECF No. 205. Here, the Court does not find that the relevant law enforcement officer presented false testimony. Indeed, Defendant does not seem to challenge the DEA agent's observations, but instead focuses on the agent's conclusions. These conclusions were subject to oral argument and the Magistrate Judge found them to be credible. The Court finds there to be sufficient basis for such a determination. Accordingly, this claim must also fail.

**C.    Speedy Trial Act**

Defendant Youker believes the Court violated his constitutional right to a speedy trial and the Speedy Trial Act in granting codefendants' requests for continuances, and seeks dismissal of the indictment against him as remedy.

Defendant Youker is mistaken that the Court violated his speedy trial right at any point in the proceedings to date.

    1.    The Sixth Amendment and the Speedy Trial Act

There is no specific span of time specified by the Constitution which violates this right. *Barker v. Wingo*, 407 U.S. 514, 523 (1972). The Supreme Court previously identified four factors used to determine whether a court denied a defendant a speedy trial: length of delay, the reason for delay, the defendant's assertion of their right, and prejudice to the defendant. *Id.* at 530. These factors apply collectively, with none acting as a "talismanic" indicator of a denial of the Sixth Amendment right. *Id.* at 533.

While the Sixth Amendment grants the right to a speedy trial, the Speedy Trial Act more clearly defines the Amendment's contours and guarantees its protections by creating statutory violations enforceable by sanctions that trigger before a denial of a defendant's constitutional rights occurs**. *See United States v. Pollock*, 726 F.2d 1456, 1459-60 (9th Cir. 1984). Although it is difficult to imagine a situation in which the provisions of the Act have been satisfied but the constitutional right to a speedy trial denied, an analysis under the Speedy Trial Act alone is not enough to dispose of Sixth Amendment claims of the same color. *See United States v. Nance*, 666 F.3d 353, 360-61 (9th Cir. 1982).

Under a *Barker* analysis, the Court did not deny Defendant Youker his Sixth Amendment right to a speedy trial. The first factor, length of delay, weighs in favor of Defendant Youker. Given the date of indictment, the delay in the present case is not insignificant.

But, the second factor, the reason for the delay, more than justifies the length of the delay. Here, the Court granted continuances to protect the rights of the co-Defendants in this case, who needed additional time to exercise due diligence in preparing an adequate defense. *See* ECF Nos. 76 and 127.

The third factor, the Defendant's assertion of the right, favors Defendant Youker. The Court, however, does not give this factor significant weight given the conflict between Defendant Youker's assertion of his right and the co-Defendants' need for additional time to prepare a defense. Defendant Youker claims he asserted his right as early as October 17, 2104. ECF No. 168, at 9. The Court finds this representation to be dubious as it is not supported by the record. However, the Court acknowledges that Defendant did object to the Court's granting Defendant Daniel's Motion for Continuance, ECF No. 118, on speedy trial grounds at the March 3, 2015 hearing. ECF No. 126. Taking note of the objection, the Court nonetheless granted the continuance given the circumstances relayed to it by Defendant Daniel's counsel.

The fourth factor, prejudice to the defendant, favors the Court's actions. In *Barker*, the Supreme Court recognized three interests in the last factor: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired. 407 U.S. at 532. Among these, the latter carries the most weight as "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Given the amount of discovery and complexity of the case, Defendant Youker's conflicts with appointed counsel and ultimate decision to proceed pro se, and the needs of co-Defendants, the Court is satisfied that the Defendants would have been prejudiced by the Court's failing to grant continuances.

Ultimately, the delay in this case, from November 4, 2014 to present, has not been extraordinary by any means in a case of this nature or magnitude. All of the delay has been justified with strong and excusable reasons which serve the interests of justice and the rights of all the accused. Accordingly, the Court finds that there has been no denial of Defendant Youker's Sixth Amendment right to a speedy trial.

2.    <u>Delays under the Speedy Trial Act</u>

By statute, a criminal case must go to trial within 70 days after a defendant's indictment. 18 U.S.C. § 3161(c)(1). A continuance by a defendant may change this deadline, with the time being excluded from the speedy trial

computation for the duration of the continuance. 18 U.S.C. §3161(h)(7)(A). In the case of multiple defendants joined in the same action, the 70 day time limit begins after the indictment or after the most recent appearance of any one of the joined defendants, whichever occurs latest. *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see also* 18 U.S.C. § 3161(h)(7); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.").

When a court properly grants one co-defendant a continuance, it applies as excludable time to all co-defendants. *U.S. v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993). A continuance counts as excludable time for purposes of the Act so long as "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7)(A). To come to such a conclusion, the Court may consider, *inter alia*, whether

> the failure to grant such continuance in the proceeding would . . . result in a miscarriage of justice," "the case is so complex, due to the number of Defendants [or] . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself," and "the failure to grant such a continuance in which, taken as a whole, is not so unusual or so complex as to fall within the clause (ii), . . . would deny counsel for the defendant . . . reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

ORDER - 18

Defendant Youker, Defendant Howard, and Defendant Daniel have been joined as co-defendants in this case since October 15, 2014. ECF No. 16. Defendant Daniel, however, was only arraigned on January 7, 2015. *Id.* This appearance restarted the initial speedy trial computation for all the Defendants. Prior to the March 22, 2015 trial date, Defendant Daniel requested a continuance, which the Court granted given very legitimate concerns about counsel's ability to prepare. ECF No. 127. Trial was reset for July 22, 2015. *Id.* For reasons consistent with the Act, the Court found that failing to grant these two continuances would have caused a miscarriage of justice and would have denied the joined Defendants the reasonable time to prepare given the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), ECF No. 127. Given that these continuances are proper under § 3161(h)(7), the sanction provisions of 18 U.S.C. § 3162(a)(2), which allow dismissal, have not been triggered.

### 3.    Dismissal under the Speedy Trial Act

The Act provides for dismissal of indictments in the event a defendant is "not brought to trial within the time limit required by section 3161(c) *as extended by section 3161(h)*." 18 U.S.C § 3162(a)(2) (emphasis added). As stated above, all delays have resulted from motions of the various co Defendants, and were proper extensions of the speedy trial calculation under § 3161(h)(7). Accordingly, the

1    Court will not consider dismissing the indictment against Defendant Youker,

2    either with or without prejudice.

3          Accordingly, **IT IS HEREBY ORDERED**: Defendant Youker's Motion to

4    Dismiss the Indictment, **ECF No. 168**, is **DENIED**.

5          **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order

6    and provide copies to all counsel.

7          **DATED** this 12th day of June 2015.

8

9                        _____
                         SALVADOR MENDOZA, JR.
                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20