FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CHARLES YOUKER,<br><br>Defendant. | No.    2:14-CR-0152-SMJ-1<br><br><br>**ORDER ON MOTIONS** |

Before the Court, without oral argument, are a number of pretrial motions filed by Defendant Youker. The Court intended to rule on these motions at the pretrial conference that had been scheduled for July 21, 2015. But, because Defendant Youker requested a continuance, this pretrial conference was reset for November 9, 2015. In order to avoid delay in ruling on the motions currently pending, the Court now enters this Order on Defendant Youker's Motion to Suppress, ECF No. 147; Motion to Dismiss Indictment, ECF No. 200; Motion to Sequester, ECF No. 201; Motion to Dismiss on Grounds of Due Process Violation, ECF No. 253, Motion to Change Discovery Protocol, ECF No. 267; Motion for Eye Care Specialist, ECF Nos. 292 and 293, and Notice for Motion, ECF No. 301.

**A.    Defendant Youker's Motion to Suppress**

Defendant Youker brings a Motion to Suppress Evidence Due to Arrest without Probable Cause. ECF No. 147. Defendant argues that law enforcement did not have a warrant or probable cause when he was arrested on September 17, 2014 for suspected possession with intent to distribute methamphetamine and heroin. *Id.* at 15-16. Because of this, he believes the arrest was illegal and the Court should suppress all evidence that was seized pursuant to search warrants executed subsequent to the arrest. *Id.*

The USAO opposes the motion. ECF No. 165. It argues that Defendant Youker was not arrested on suspicion of possession with intent to distribute but for delivery of methamphetamine and heroin and that there was ample probable cause to arrest him for that crime. *Id.* at 4. In the alternative, the USAO believes that even if the arrest was unlawful, suppression is not the proper remedy because Defendant Youker cannot establish the necessary nexus between the arrest and the evidence that he seeks to exclude. *Id.*

Without probable cause, a warrantless arrest is unlawful. *United States v. Ortiz-Hernandez*, 427 F.3d 567, 573 (9th Cir. 2004) (citing *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999)). "'Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person

would have concluded that there was a fair probability that the suspect had committed a crime.'" *Id.*

According to records, Defendant Youker was arrested and booked on September 17, 2014 for six counts of delivery of a controlled substance, not for possession of a controlled substance with intent to distribute as Defendant Youker believes. ECF No. 165-1 at 4-5. The Court finds that Drug Enforcement Agency (DEA) special agents and the other members of the North Central Washington Narcotics Task Force had probable cause to believe that Defendant Youker had committed the crimes for which he was booked.

To reach this conclusion, the Court has reviewed the DEA's applications for search warrants[1] and the arresting officer's probable cause statement.[2] These documents detail numerous instances of Defendant Youker delivering methamphetamine and heroin to confidential informants during controlled buys orchestrated by the Narcotics Task Force. According to sworn statement, these transactions began on July 30, 2014 and continued until September 8, 2014. Many were recorded and involved an informant taking delivery of the controlled substances directly from Defendants Youker and/or Howard and then turning

---

[1] Even though these applications were made for search warrants and not an arrest warrant, they still detail the circumstances known to law enforcement ahead of the September 17, 2014 arrest that support a finding of probable cause.

[2] These documents have been sealed as a result of the sensitive information contained therein. Accordingly, they are not available on the public docket. *See* ECF No. 163.

ORDER - 3

them over to law enforcement for testing. One of the sources bought methamphetamine and heroin from and distributed the drugs for Defendant Youker since about 2011.

The Court finds that given the specificity of the information contained in the documents that law enforcement had ample probable cause to believe that Defendant Youker had delivered controlled substances. Accordingly, Defendant Youker's Motion to Suppress Evidence Due to Arrest without Probable Cause, ECF No. 147, is denied.

**B.    Defendant Youker's Motion to Sequester Witnesses**

Defendant Youker brings a Motion to Sequester USAO Witnesses, ECF No. 201. Defendant requests the Court to sequester the witnesses that will be called at the suppression hearings and wants the USAO to provide him notice of all witnesses that will be testifying.

The Court will no longer conduct a suppression hearing, which makes this point moot. Further, the Court is satisfied that the USAO's filing of its Notice RE: Witnesses for Pretrial Hearing, ECF No. 215, satisfies the requested relief regarding witness identity. Accordingly, Defendant Youker's Motion to Sequester USAO Witnesses, ECF No. 201, is denied.

//

/

**C.    Defendant Youker's Motion to Dismiss for Outrageous Government Conduct**

Defendant Youker brings a Motion to Dismiss Indictment for Outrageous Government Conduct. ECF No. 200. Defendant argues that law enforcement tactics during the investigation of the present case warrants dismissal. Specifically, Defendant Youker objects to law enforcement's use of confidential informants who sold and used drugs around young children with Defendant Daniel who was herself pregnant at the time. *Id.* at 2-3.

The USAO opposes the motion. ECF No. 213. It believes that Defendant Youker has misstated the facts supporting his motion. First, the USAO believes that the confidential informant in question only interacted with Defendant Daniel on Defendant Youker's direction and not on that of law enforcement. *Id.* at 2. Second, the USAO argues that Defendant Youker's contentions, even if true, could not meet the rigorous standard necessary to establish outrageous government conduct.

"Outrageous government conduct occurs when the actions of law enforcement officers or informants are 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Russell*, 411 U.S. 423, 431-32 (1973)). The Court will not dismiss

an indictment for outrageous criminal conduct only in extreme cases where the Defendant can demonstrate the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011) (internal quotations omitted). Indeed, "this is an 'extremely high standard.'" *Black*, 733 F.3d at 302 (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)).

The *Black* court aggregated six factors that are relevant to determining whether the government's conduct was outrageous:

> (1) known criminal characteristics of the defendants; (2) individualized suspicion of the defendants; (3) the government's role in creating the crime of conviction; (4) the government's encouragement of the defendants to commit the offense conduct; (5) the nature of the government's participation in the offense conduct; and (6) the nature of the crime being pursued and necessity for the actions taken in light of the nature of the criminal enterprise at issue.

Here, even if the Court were to accept Defendant Youker's version of the account, which is largely discredited by the evidence produced by the USAO, none of these factors weigh in favor of finding the government acted outrageously.

Defendant Youker does not allege that the government had any role in creating the crime of which he is accused, that it encouraged him to commit the offense conduct, or that its actions were inappropriate given the suspected drug offense at issue. *See* ECF No. 200. Instead, Defendant Youker only alleges that

the confidential informant's purported provision of drugs to the then-pregnant Defendant Daniel in a house where children were present is outrageous conduct. *Id.* This is insufficient.

Even when the government introduced drugs into a prison environment through an informant and subsequently lost control of the contraband, the Ninth Circuit did not find the conduct outrageous. *See United States v. Wiley*, 794 F.2d 514 (9th Cir. 1986). There, the Court reasoned that the case was not misconduct at all, much less conduct that was outrageous, because the "drug distribution scheme . . . was in existence before the government became involved." *Id.* at 516. The same is true in Defendant Youker's case—the confidential informant had already been involved in drug distribution long before the government became involved in this investigation. Accordingly, Defendant Youker's Motion to Dismiss for Outrageous Government Conduct, ECF No. 200, is denied.

**D.    Defendant Youker's Motion to Dismiss on Grounds of Due Process Violation**

Defendant Youker brings a Motion to Dismiss on Grounds of Due Process Violation, ECF No. 253, and a related Motion to Expedite, ECF No. 254. Defendant argues that a number of issues with access to discovery and the representations that the USAO has made have violated his due process rights. *Id.* Specifically, Defendant believes that (1) the USAO has misrepresented the

Spokane County Jail's pro se policy regarding discovery, which has violated his due process rights and prevented him from being able to manage and prepare a defense; (2) the USAO's solution of putting discovery into binders that Defendant can check out constitutes "management" of Defendant's defense and its representation regarding Defendant's use of the binders was a false statement; (3) these discovery issues have put Defendant in the position of choosing between maintaining his right to a speedy trial and being prepared for trial; and (4) the Court's continued appointment of standby counsel has forced Defendant to disclose his defense strategy and violates his due process rights. *Id.* at 3-14. Also, Defendant argues that he received ineffective assistance of counsel because counsel did not attempt to sever his case thereby preserving his right to a speedy trial. Defendant finds that any and all of these errors warrant dismissal.

The USAO opposes this motion. ECF No. 280. In response, the USAO admits that it may have made misstatement as to whether Defendant actually accessed the discovery, but that the materials nonetheless have been available to Defendant. *Id.* at 1-2. Also, the USAO believes that it has more than complied with the requirements of the law and the orders of this Court and that it is under no duty to provide Defendant the type of access to discovery that he seeks— namely allowing him to keep the materials in his cell. *Id.* To support its argument, the USAO has attached the declaration of Lynnette Brown, who has been the

primary jail administrator in charge of coordinating discovery. ECF No. 280-1. Finally, the USAO does not believe that Defendant has demonstrated that he received ineffective assistance of counsel or that dismissal is an appropriate remedy. ECF No. 280 at 3.

The Court addresses each argument in turn.

1.    <u>USAO Misstatements</u>

Defendant believes that the USAO made misstatements about the Spokane County Jail pro se inmate policy in order to withhold discovery from him. ECF No. 253 at 5. He points to a number of different representations that he finds to be contradictory or not completely accurate. As a result, the Defendant thinks that his due process rights have been violated and that dismissal is warranted. The Court disagrees.

Distilled, Defendant claims that the USAO falsely informed the Court that inmates at Spokane County Jail are not permitted to maintain discovery in their cells and that the Court relied on this misrepresentation in appointing standby counsel and approving the discovery protocol. *Id.* at 5-6. Even if the Court were to accept Defendant Youker's claims regarding the USAO's misstatements, he has not been denied due process.

The Court has already ruled on this very issue. Indeed, the Court's reasoning and analysis in its Order Denying Construed Motion to Reconsider

Discovery Ruling, ECF No. 259, applies to the present motion. The Court will not continue to repeat itself. Whether or not the USAO made a false statement to the Court is immaterial to Defendant's due process claim. Further, the Court believes the discovery protocol is an appropriate solution that affords Defendant with ample opportunity to review the evidence in this case. Accordingly, this argument is rejected.

## 2.   Discovery Protocol

Defendant believes that the discovery protocol constitutes "management" of his defense and as a result violates the rights guaranteed in *Faretta v. California*, 422 U.S. 806 (1975). ECF No. 253 at 9-11. Again, Defendant is mistaken.

In *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008), the Ninth Circuit weighed in on what constitutes impermissible management of a pro se defendant's case. It held that this right is violated when others "'make or substantially interfere with any significant tactical decisions . . . or [] speak *instead* of the defendant on any matter of importance." *Frantz*, 533 F.3d at 739 (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984)).

Here, establishing a discovery protocol that has provided Defendant with access to discovery (albeit not in the way that Defendant desires) in no way interferes with his ability to make significant tactical decisions in his case. As far

as the Court is concerned, the Defendant has had the opportunity to manage his own defense since going pro se. Accordingly, this argument is rejected.

### 3.    Speedy Trial

Defendant argues that he has been forced to choose between maintaining his right to a speedy trial and having the time to prepare a defense. ECF No. 253 at 11-12. Defendant believes that if he had discovery available in his cell, he would have been able to proceed with trial earlier and so the case should be dismissed.

The Court disagrees. As discussed above, the Court finds the discovery protocol to be reasonable and more than sufficient to satisfy due process. This means any issues with preparation are a direct result of Defendant's decision to proceed pro se in this matter, which is something that Defendant was cautioned about during the *Faretta* colloquy.

Further, since the filing of this motion, the Defendant requested a continuance as a result of medical issues. *See* ECF No. 278. Accordingly, this argument is rejected.

### 4.    Standby Counsel

Defendant argues that the continued appointment of standby counsel was predicated on the USAO's misstatements and that his attempts to remove standby counsel from the case have resulted in disclosure of trial strategy to the USAO.

ECF No. 253 at 12-13. Further, Defendant believes that standby counsel has hindered him in preparing his defense, that standby counsel has made misstatements to the Court, that standby counsel is managing his defense, and that this constitutes a due process violation. *Id.* at 13-14.

First, the Court will not discharge standby counsel. The Court has adequately addressed the propriety of appointing standby counsel over Defendant's objection time and again and refuses to revisit this question. *See* ECF Nos. 132, 149, 228, and 260. There are many reasons why the Court opted to appoint and maintain standby counsel. *See* ECF No. 132. Despite Defendant's belief to the contrary, the Court did not rely on the USAO's representations regarding Spokane County Jail's pro se prisoner policy when appointing standby counsel; the Court was already inclined to do so. *Id.*

Second, the Court rejects the notion that standby counsel has managed or otherwise hindered Defendant's preparation of a defense. Standby counsel has been provided so that Defendant has an additional legal resource for tasks such as navigating procedural rules, coordinating with the private investigator, drafting pleadings properly, among others. Defendant seems to be under the mistaken impression that his access to discovery would be different if standby counsel were removed from this case. To be clear, Defendant need not use standby counsel if not so inclined, but standby counsel's continued appointment changes little

regarding the now-existing protocols that the Court finds to be sufficient and reasonable.

Also, the Court does not find that standby counsel has made any materially false statements. The Court is unfamiliar with Spokane County Jail's policy regarding when entries are made into the visitor log. Accordingly, a comparison of standby counsel's representations in ECF No. 223 with the visitor log provided by Defendant in ECF No. 253-1 does not lead to the conclusion that Defendant supposes.[3] Nor does the Court care to wade further into this question because it is immaterial as to the question at bar—whether Defendant's due process rights were violated.

Finally, the Court finds that any disclosure of trial strategy that may have occurred has been a direct result of Defendant's refusal to accept the Court's appointment of standby counsel. Accordingly, this argument is rejected.

5.    Ineffective Assistance of counsel

Defendant argues that it was ineffective assistance of counsel when his appointed attorney did not inform him of severance procedure. ECF No. 253 at 14. This is because Defendant believes that he has been concerned with preserving his right to a speedy trial and that a severance would have allowed him to do so. *Id.* at 15. In Defendant's opinion, this too is a violation of his due process rights.

---

[3] The Court finds that the visitor log tends to validate rather than cast doubt on standby counsel's representations.

Ineffective assistance of counsel is an appellate argument. To prevail on a claim of ineffective assistance of counsel, Defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Defendant must show a reasonable probability that, but for counsel's failure to file a motion to sever, the verdict would have been different. *See Id.* at 694. Defendant cannot do so here since no verdict has been returned. Accordingly, this argument is rejected.

6.    Conculsion

Defendant has failed to demonstrate that his due process rights were violated or that dismissal is the proper remedy. Accordingly, Defendant's Motion to Dismiss on Grounds of Due Process Violation, ECF No. 253, is denied.

**E.    Defendant Youker's Motion to Change Discovery Protocol**

Defendant Youker brings a Motion to Change Discovery Protocol, ECF No. 267. Defendant requests that the Court order Spokane County Jail to increase the amount of time that he can view audio and video and to remove the discovery from binders and permit him to keep the materials in his cell. Also, Defendant Youker informs the Court that he is concerned about the audio quality of the recordings and that his eyesight issues are making it difficult to review discovery.

The Court will not revise the discovery protocol beyond the parameters contained in Lynnette Brown's Declaration, ECF No. 280-1. As Ms. Brown, the Office Supervisor for Spokane County Detention Services, informs the Court, "[j]ail policy does not permit pro se detainees to keep discovery materials in their cell without an express order from the court directing this. To the extent that court orders defer to jail policy, the prevailing policy is that detainees will not be permitted to maintain discovery materials in their cell." ECF No. 280-1. Because the Court will continue to defer to prevailing jail policy, the discovery will continue to be contained in binders.

Ms. Brown also represents that to allow Defendant to access more than one binder at a time, the Spokane County Jail would need to "place all seven binders in the jail law library where Mr. Youker could have access to them during certain hours. This change, however, would mean that Mr. Youker would only have access to the discovery binders during times when he has access to the jail law library." *Id.* Given this information, the Court will permit Defendant Youker to choose—the binders may be kept on his floor and he can access them daily but only check out one at a time or they may be kept in the law library where he can check out multiple but during the law library hours that he is allotted. The Court will not consider other arrangements for the discovery unless jail officials agree.

ORDER - 15

Next, the Court understands Defendant Youker's desire to have additional hours at the law library and to have the audio and video evidence available during hours when he cannot use the library. Nonetheless, the Court believes the nine hours per week that Defendant Youker has been provided is legally sufficient. *See United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990) (citation omitted). Further, the Court will not dictate when the audio and video recordings will be made available as long as Defendant is given some opportunity to review those materials.

Finally, the Court is sympathetic to Defendant Youker's medical condition and the poor quality of the audio recordings. But the Court will not order that 20 hours of recordings be transcribed at public expense.

The Court warned Defendant about the many difficulties that he would face in deciding to represent himself—a decision that Defendant made with his eyes open. *See* ECF No. 132. The Court also informed Defendant that it would not micromanage jail officials. *See* ECF No. 145. Accordingly, Defendant's Motion to Change Discovery Protocol, ECF No. 267, is denied.

## F.    Defendant Youker's Motions Regarding Eye Care Specialist

Defendant Youker has filed a Motion for Eye Care Specialist, ECF No. 292. Two days later, Defendant filed a Motion to Strike, ECF No. 293, where he represents that he was taken to an eye care specialist. Accordingly, Defendant's

Motion to Strike, ECF No. 293 is granted in part (as to striking the Motion for Eye Care Specialist, ECF No. 292).

In his Motion to Strike, Defendant Youker also represents that he is having difficulties as a result of this medical condition and lists the types of motions that he intends to bring. ECF No. 293 at 1-3. In this motion, Defendant also represents that he may be willing to give up his pro se status if he gets a defense attorney who specializes in drug offenses. *Id.* The Court would entertain a motion for appointment of counsel, but reminds Defendant Youker that he is not entitled to an attorney of his choice. Further, the Court is unsure of what specific relief Defendant Youker seeks. Accordingly, Defendant's Motion to Strike, ECF No. 293, is also denied in part (as to all other relief including appointment of counsel). If Defendant desires representation in this matter, he must request counsel unequivocally in a separate motion.

## G.    Defendant Youker's Notice for Motion

Defendant Youker filed a Notice for Motion, ECF No. 301, which the Court construes as a motion. Defendant requests that the Court rule on his Motion to Dismiss for Due Process Violation, ECF No. 253, without oral argument. The Court has done so in this order. Accordingly, this Motion, ECF No. 301, is granted.

/

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant Youker's Motion to Suppress Evidence Due to Arrest without Probable Cause, **ECF No. 147**, is **DENIED**.

2.  Defendant Youker's Motion to Sequester USAO Witnesses, **ECF No. 201**, is **DENIED as moot**.

3.  Defendant Youker's Motion to Dismiss for Outrageous Government Conduct, **ECF No. 200**, is **DENIED**.

4.  Defendant Youker's Motion to Expedite, **ECF No. 254**, is **GRANTED**.

5.  Defendant Youker's Motion to Dismiss on Grounds of Due Process Violation, **ECF No. 253**, is **DENIED**.

6.  Defendant Youker's Motion to Change Discovery Protocol, **ECF No. 267**, is **DENIED**.

7.  Defendant's Motion to Strike, **ECF No. 293** is **GRANTED in part** (as to striking the Motion for Eye Care Specialist, ECF No. 292) and **DENIED in part** (as to any other relief sought).

    *A.* The Clerk's Office shall **STRIKE** Defendant Youker's Motion for Eye Care Specialist, **ECF No. 292**.

8.  Defendant Youker's construed Motion for a Ruling Without Oral Argument, **ECF No. 301**, is **GRANTED**.

1    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

2  and provide copies to all counsel.

3    **DATED** this 26th day of August 2015.

4    _____

5    SALVADOR MENDOZA, JR.
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Q:\SMJ\Criminal\2014\USA v  Youker-0152\ord on mot lc2.docx

ORDER **-** 19