FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CHARLES YOUKER,<br><br>Defendant. | No.   2:14-CR-0152-SMJ-1<br><br>**ORDER ON MOTIONS** |

Before the Court, without oral argument, are a number of pretrial motions filed by Defendant Youker. The Court now enters this Order on Defendant Youker's Motion to Dismiss on Vindictive Prosecution Grounds, ECF No. 331; Motion for Eyecare, ECF No. 336; Motion for Recusal, ECF No. 342; Motion for Discovery in Defendant's Cell, ECF No. 351; Motion to Dismiss, ECF No. 374; and Motion to Suppress, ECF No. 378.

**A.    Motion to Dismiss on Vindictive Prosecution Grounds**

Defendant Youker brings a Motion to Dismiss Based on Vindictive Prosecution Grounds, ECF No. 331.

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. *United*

ORDER **-** 1

*States v. Gamez-Orduno,* 253 F.3d 453, 462 (9th Cir. 2000). A defendant may establish vindictive prosecution (1) by producing direct evidence of the prosecutor's punitive motivation or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness, thus giving rise to a presumption that the Government must rebut. *United States v. Kent,* 649 F.3d 906, 912–13 (9th Cir. 2011).

Defendant Youker argues that the fact that the USAO increased the charges against him in both number and severity after he exercised his constitutional rights creates a presumption of vindictiveness that the Government must rebut. ECF No. 331 at 6 ("Youker has established the appearance of vindictiveness…Now the burden is shifted to the prosecutor…"). Defendant Youker's argument fails as a matter of law. In the context of pretrial plea negotiations, vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right. *Gamez-Orduno,* 253 F.3d at 462. Youker has not presented direct evidence of punitive motivation.

This motion is denied.

**B.     Motion for Eyecare**

Defendant Youker brings a Notice to Court for Eyecare with Written Objection, ECF No. 336, which the Court construes as a motion. In addition to asking for glasses, Youker asks (1) that the USAO be instructed to engage in plea

ORDER **-** 2

negotiations directly with him, not standby counsel, (2) increase Youker's law library access from the 10 hours per month he claims to be getting, (3) fix the jail phone system so that Youker can call standby counsel, and (4) provide him with records. ECF No. 336.

*Plea negotiations.* The Court has already instructed standby counsel that he is not to act without a request from Youker. This directive applies to plea negotiations.

*Law library access.* There is no clearly established right to access a law library. *See Kane v. Espitia,* 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005); *United States v. Wilson,* 690 F.2d 1267, 1271 (9th Cir. 1982). Thus, the Court believes that 10 hours per month is sufficient.

*Jail phone system.* The Court confirmed with the jail that standby counsel's office phone number, (509) 455-7999, is on a list of attorney numbers maintained by the jail and that phone calls to numbers on this list are not monitored. The jail further confirmed that inmates in the jail routinely call this particular number.

*Records.* Youker's request for records is not specific. The Court has already ordered that Youker be provided with discovery. Should Youker wish to elaborate on this request at the pretrial conference, he may do so.

This motion is denied.

//

ORDER **-** 3

//

**C.     Motion for Recusal**

Defendant Youker brings a Motion to Recuse Judge Salvador Mendoza, Jr., ECF No. 342. In it, Defendant Youker makes a number of allegations.

- Youker alleges that the Court has been secretly working with the USAO to deprive him of a speedy trial. ECF No. 342 at 1–3.
- Youker alleges that the Court has denied him his right to manage his own case by its discovery procedures. ECF No. 342 at 3–8.
- Youker alleges that the Court has denied and reset obviously meritorious motions he filed. ECF No. 342 at 8–10.
- Youker states that his co-defendants told him they were pressured into pleading guilty by their attorneys. Youker insists that the Court would find support for a conspiracy against him if the Court listened to any of the 5 phone calls between himself and co-defendant Daniel. ECF No. 10–11.
- Youker finally alleges that the Court favors the USAO because even when the USAO does not file responses to Youker's motions, the Court makes the USAO's argument for them. "You argue every issue presented, you even cite case law on their behalf…" ECF No. 11–15.

Youker cites 28 U.S.C. § 144 and 28 U.S.C. § 455 in support of his motion. 28 U.S.C. § 144 permits a litigant to file a timely and sufficient affidavit showing the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party. 28 U.S.C. § 455 states that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Defendant Youker fails to present sufficient facts to support a finding of bias or prejudice on the part of the Court. He offers no evidence that would lead a

ORDER **-** 4

reasonable person to question the Court's impartiality. Defendant Youker's motion relies on conclusory allegations and nothing more.

This motion is denied.

**D. Motion for Discovery in Defendant's Cell**

Defendant Youker brings an Order for Discovery Provided to Defendant in Spokane County Jail Cell 5W-34 or Current Location, ECF No. 351, which the Court construes as a motion. Defendant requests that the Court order the Spokane County Jail to provide him his discovery in his jail cell.

The Court has repeatedly rejected Defendant Youker's requests that discovery be provided in his cell. ECF No. 259; ECF No. 312. As the Court has already stated, the Court will not revise the discovery protocol beyond the parameters contained in Lynnette Brown's Declaration, ECF No. 280-1. Accordingly, this motion is denied.

**E. Motion to Dismiss**

Defendant Youker brings a Motion to Dismiss, ECF No. 374. Defendant complains that he sent standby counsel a number of letters asking counsel to assist him in various matters and that standby counsel has not done what he was asked to do. ECF No. 374 at 2. It is unclear whether Defendant asks that, as a result, standby counsel be dismissed or that the entire case against him be dismissed.

ORDER - 5

Defendant Youker's first letter contains summaries of arguments that he wants to make in motions and requests that standby counsel research, type, and submit them to the Court. ECF No. 374-1. The first letter also asked standby counsel to bring forth "new evidence establishing an illegal evidence provided to grand jury and illegal arrest which was located in discovery documentation." ECF No. 374 at 2.

The second letter asks "for execution time of search warrant for Republic mountain property" and to be provided a copy of all discovery. ECF No. 374-2.

In the third letter, Youker asked standby counsel (1) to bring documents to the Spokane County jail establishing that the United States had probable cause to search his mountain property, (2) submit an order requesting that Youker remain at the Spokane County jail, (3) direct the investigator to acquired notarized affidavits of testimony from a number of potential witnesses, (4) subpoena records, and (5) file a motion requesting the criminal histories of all witnesses. ECF No. 374-3.

To the extent the Court understands what Defendant Youker asked in these letters, the requests betray a fundamental misunderstanding of the role of standby counsel. As the Court explained when it appointed standby counsel:

> [T]he Court appoints Mr. Casey as standby counsel for Defendant in this case. Mr. Casey will serve as an intermediary between Defendant and the private investigator, will keep and maintain any discovery that is too sensitive or inappropriate for Defendant to possess

permanently in confinement, and will assist Defendant with formatting and structuring motions so as to comply with basic criminal procedure. Mr. Casey will not, however, act on Defendant's behalf without clear direction or invitation from Defendant. Mr. Casey will not direct any investigation of the case, request discovery, or file motions unless Defendant expressly requests such assistance. As a corollary, Defendant must be clear in his requests to counsel.

ECF No. 132 at 5–6. Defendant Youker's requests are not clear. And to the extent the Court understands Youker, he asks standby counsel to do things that are inconsistent with standby counsel's role.

The Court concludes that Defendant's rights have not been violated. This motion is denied.

### F. Motion to Suppress

Defendant Youker filed a motion to suppress evidence, ECF No. 378. In this motion, Defendant Youker restates the same arguments he made in his previous motion to suppress, ECF No. 295, which were denied by this Court in an order at ECF No. 341. The Court will not revisit this ruling.

This motion is denied.

//

//

//

//

//

ORDER **-** 7

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Youker's Motion to Dismiss on Vindictive Prosecution Grounds, **ECF No. 331**, is **DENIED**.

2. Defendant Youker's Motion for Eyecare, **ECF No. 336**, is **DENIED**.

3. Defendant Youker's Motion for Recusal, **ECF No. 342**, is **DENIED**.

4. Defendant Youker's Motion for Discovery in his Cell, **ECF No. 351**, is **DENIED**.

5. Defendant Youker's Motion to Dismiss, **ECF No. 374**, is **DENIED**.

6. Defendant Youker's Motion to Suppress, **ECF No. 378**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of November 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Criminal\2014\USA v Youker-0152\ord on mot2 lc1 docx

ORDER **-** 8