FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00152-SMJ-01 |
| Plaintiff, | **ORDER DISMISSING DEFENDANT'S § 2255 PETITION** |
| v. | |
| JASON C. YOUKER (01), | |
| Defendant. | |

After a two-week trial, a jury found Defendant Jason Youker guilty of thirty-four counts arising out of a drug-distribution conspiracy, and this Court sentenced him to twenty years' imprisonment. ECF Nos. 501, 583. After numerous motions attacking the judgment and an unsuccessful appeal, Defendant brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 687. The Court determined that most of the grounds on which Defendant sought relief were meritless but directed the Government to respond to two of Defendant's allegations. The Government responded, and Defendant replied. ECF No. 698; ECF No. 720-1 at 35–55. It is now clear that Defendant is not entitled to any relief on his petition, and the Court therefore dismisses it without an evidentiary hearing. *See* 28 U.S.C. § 2225(b).

## LEGAL STANDARD

A prisoner incarcerated pursuant to the judgment of a federal court may seek habeas corpus relief by petitioning the sentencing court to vacate, set aside, or correct the sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may dismiss the petition without an evidentiary hearing. *Id.* at § 2255(b); *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977). In considering whether to summarily dismiss a § 2255 motion, the question is whether "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016).

## DISCUSSION

After screening Defendant's petition, the Court determined that the record conclusively established that seven out of the nine grounds on which he sought relief were meritless. *See* ECF No. 693 at 26. The Court directed the Government to respond to grounds five and six of the petition. *Id.* The Government did so, and Defendant submitted a reply. ECF No. 698; ECF No. 720-1 at 35–55. Having reviewed these filings and the record in this matter, it is now clear that Defendant

is not entitled to relief on either basis, and an evidentiary hearing is unnecessary.

## A.   Ground Five: *Franks* Issue

Ground five of the petition alleges law enforcement omitted material facts from affidavits used to obtain search warrants from which evidence used against Defendant at trial was obtained. *See* ECF No. 687 at 13–14; ECF No. 720-1 at 46. Specifically, Defendant alleges that officers omitted from their affidavits the fact that after controlled purchases of narcotics from Defendant, they allowed confidential informants to distribute a portion of the drugs so as to avoid alerting Defendant of the investigation. ECF No. 687 at 13.

Defendant's argument falls squarely within the doctrine of *Franks v. Delaware*, 438 U.S. 154 (1978). *Franks* held that under the Fourth Amendment, a criminal defendant may challenge the validity of a search warrant, and move to suppress evidence, if the affidavits presented to the issuing magistrate included intentionally or recklessly false statements or omissions that were material to the finding of probable cause. *See United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980) (citing *Franks*, 438 U.S. at 154); *United States v. Stanert*, 762 F.2d 775, 780–81 (9th Cir. 1985).

However, it is well settled that, absent exceptional circumstances, "error on a fourth amendment issue does not support a writ of habeas corpus" such as Defendant seeks here. *Newman*, 790 F.3d at 879 (quoting *Hampton v. Wyant*, 296

F.3d 560, 563 (7th Cir. 2002)). The Court is accordingly prohibited from considering Defendant's *Franks* argument unless he was denied a "full and fair opportunity" to assert that claim at trial. ECF No. 720-1 at 54; *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)); *Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015). The critical inquiry is whether he had the *opportunity* to litigate his claim, not whether he in fact took advantage of that opportunity, "or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Defendant's conclusory assertions that he was denied such an opportunity are unpersuasive. *See* ECF No. 687 at 14. Defendant was provided thousands of pages of discovery, including fifteen search warrants and accompanying affidavits describing at least one instance where a confidential informant was allowed to distribute narcotics purchased from Defendant. *See* ECF No. 698 at 4, 10. And to substantiate his *Franks* claim, Defendant appears to recount his memory of several of those transactions, asserting he sold the informants more drugs than law enforcement reported in their affidavits. *See* ECF No. 720-1 at 2–6. Defendant brought repeated suppression motions prior to trial—including one styled as a *Franks* motion. *See* ECF Nos. 147, 156, 158, 295, 378, 398. Though he obviously had access at that time to the evidence on which he relies now, he did not raise this argument then or on appeal. *See* ECF No. 655 at 2. Defendant fails to show

that he was denied a full and fair opportunity to assert this claim prior to his § 2255 motion and thus, he is barred from raising it now. *Hearst*, 638 F.2d at 1196; *Stone*, 428 U.S. at 494.

As the record conclusively establishes that Defendant is not entitled to relief on ground five of his petition, the Court dismisses it without an evidentiary hearing. 28 U.S.C. § 2255(b).

**B.  Ground Six: *Brady* Issue**

The sixth ground of Defendant's petition alleges the Government withheld or delayed the disclosure of several items of evidence. *See* ECF No. 687 at 14–17. Just as above, Defendant asserts that law enforcement knowingly permitted confidential informants to distribute narcotics but failed to disclose they had done so. *Id.* at 14–15. Defendant also claims that the Government delayed disclosing that a confidential informant gave a small quantity of methamphetamine to another informant until the middle of trial. ECF No. 687 at 16–17.

In a criminal case, the Government must disclose to the Defendant all evidence "that is both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). To prevail, a Defendant asserting a *Brady* claim must show, for evidence that was never disclosed, that the Government "'wilfully or inadvertently' suppressed the information." *Williams v. Ryan*, 623

F.3d 1258, 1264 (9th Cir. 2010) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). When the Defendant challenges the timeliness of the Government's disclosure, the proper inquiry is "whether the lateness of the disclosure so prejudiced [the Defendant's] preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial." *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976) (citing *United States v. Hibler*, 463 F.2d 455, 459 (9th Cir. 1972)).

Evidence qualifies as material when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682; *see also United States v. Tham*, 884 F.2d 1262, 1266 (9th Cir. 1989). Therefore, evidence negating a jurisdictional element of the charged offense is material. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). Significant impeachment evidence may also be material. *See United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

Even assuming Defendant could produce the evidence he claims the Government withheld—as he seeks to do through an evidentiary hearing—he has failed to show that such evidence is material either to guilt or punishment. *Bagley*, 473 at 674 (quoting *Brady*, 373 U.S. at 87). There was substantial evidence of Defendant's guilt of the crimes with which he was charged—including narcotics

purchased during controlled buys, recordings of his involvement in those transactions, firearms used in furtherance of the conspiracy, and testimony of others involved in his scheme. The evidence he claims was suppressed or delayed would have done little to impeach the credibility of the confidential informants, who were known drug dealers, and nothing to negate any element of the charged offenses. *See* ECF No. 616 at 82–85. In short, while impeachment evidence may be material under *Brady*, Defendant has failed to establish "a reasonable probability" that *this* evidence would have changed the outcome of the trial. *Bagley*, 473 U.S. at 682.

This claim is also procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 167 (1982). Defendant was required to show "cause" for his failure to raise his *Brady* claim at trial, and that his inability to do so resulted in "actual prejudice."[1] *Id.*; ECF No. 693 at 4–5 (notifying Defendant that claims may be procedurally defaulted). As set out above, the evidence Defendant relies on to establish his *Franks* argument—that the Government withheld evidence that law enforcement allowed narcotics to "walk" after controlled buys—was in his possession before trial. *See* ECF No. 698 at 4, 10; ECF No. 720-1 at 2–6. Just as Defendant fails to establish that he was denied a full and fair opportunity to raise

---

[1] Defendant could have also avoided procedural default by asserting actual innocence, though he has not done so. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

his *Franks* argument, he fails to establish that some "external impediment" prevented him from raising this *Brady* argument at trial or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). And because the Court concludes that even with the evidence Defendant claims was suppressed, there is no reasonable probability of a different outcome at trial, he has failed to show actual prejudice. *Frady*, 456 U.S. at 167–68; *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998); *United States v. Hernandez*, 94 F.3d 606, 610 (10th Cir. 1996)) (applying *Brady*'s "materiality" standard to showing of "actual prejudice").

Therefore, as the record conclusively establishes that Defendant is not entitled to relief on ground six of his petition, the Court dismisses it without an evidentiary hearing. 28 U.S.C. § 2255(b).

## CONCLUSION

Defendant's failure to assert the arguments presented in grounds five and six of his petition bars him from raising them on collateral review. Defendant also fails to establish that, even if the impeachment evidence he claims was suppressed had been provided to him, the result of his trial—where he faced significant, direct evidence of guilt—would have been any different. These conclusions are conclusively established by the record, and therefore, an evidentiary hearing is unnecessary. The petition is dismissed.

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, **ECF No. 687**, is **DISMISSED**.

2. The evidentiary hearing set for November 19, 2019 is **STRICKEN**.

3. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, **ENTER JUDGMENT**, provide copies to *pro se* Petitioner, counsel for the Government, and the United States Marshals Service, and **CLOSE** the file. The Court certifies that Defendant has failed to make a substantial showing of the deprivation of a constitutional right because reasonable jurists could not debate whether the petition should be resolved in a different manner. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **DENIED**.

**DATED** this 12th day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge