FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON C. YOUKER (01),<br><br>　　　　　　　Defendant. | No.　2:14-cr-00152-SMJ-01<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

On November 12, 2019, the Court dismissed Defendant Jason Youker's motion, brought under 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence this Court imposed after a jury convicted him of thirty-four counts arising out of a significant drug-distribution conspiracy.[1] ECF No. 726. Defendant now moves the Court to reconsider its ruling. ECF No. 729. For the reasons that follow, the Court finds Defendant has not established manifest error or injustice in its ruling, has not come forward with new evidence warranting reconsideration, and has not shown the governing law has changed in the interim. Accordingly, he has failed to show that reconsideration is warranted, and the motion is denied.

---

[1] The Court's November 12, 2019 Order dismissed Grounds Five and Six of the position, ECF No. 687. *See* ECF No. 726 at 8. The Court previously dismissed the remaining seven grounds of Defendant's petition without directing a response from the Government. *See* ECF No. 693.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION **- 1**

## LEGAL STANDARD

Because Defendant filed his motion for reconsideration within twenty-eight days after entry of judgment, the Court treats it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Altering or amending a judgment under Rule 59(e) "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491–92 (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). A Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *accord Rishor*, 822 F.3d at 492.

## DISCUSSION

Defendant's motion for reconsideration does no more than allege error in the Court's legal and factual conclusions when it dismissed his petition. *See, e.g.,* ECF No. 729 at 9 ("This Court needs to review the plain language set forth in

ground two and consider the law and relevant facts."). He reiterates the same arguments raised in the original petition but fails to present a sufficient basis to find those conclusions were the result of manifest errors of law or fact. *See Rishor*, 822 F.3d at 491–92. And although Defendant evidently takes issue with the Court's legal rulings, he fails to persuasively establish that they were manifestly unjust. *Id.*; *see also* ECF No. 729 at 15. Finally, Defendant has not come forward with newly discovered or previously unavailable evidence or directed the Court to an intervening change in the law. *See Rishor*, 822 F.3d at 491–92. Accordingly, Defendant fails to establish a sufficient basis for the Court to reconsider its prior rulings dismissing his petition. Defendant likewise fails to establish that reasonable jurists could differ as to the resolution of his constitutional claims, and the Court therefore declines to reconsider the denial of a certificate of appealability. *See* ECF No. 729 at 2; 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant's Motion Pursuant to Federal Rule of Civil Procedure 59(e), **ECF No. 729**, is **DENIED**.

//

//

//

1    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order,

2    provide copies to *pro se* Petitioner, counsel for the Government, and the United

3    States Marshals Service.

4    **DATED** this 11th day of December 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge