FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JASON C. YOUKER,<br><br>　　　　　　　　Defendant. | NO: 2:14-CR-152-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) |

BEFORE THE COURT is a Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), ECF No. 737, by Defendant Jason C. Youker. *See also* ECF No. 745 (Defendant's miscellaneous motion seeking for his Motion at ECF No. 737 to be considered a motion for relief under Rule 60(b)(6)). The Court has reviewed Defendant's Motions, ECF Nos. 737 and 745; the Government's response in opposition, ECF No. 747; Defendant's reply, ECF No. 749; the remaining docket; and is fully informed.

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 1

**BACKGROUND**

By an Indictment issued on October 15, 2014, the Grand Jury charged Youker and two co-defendants with charges related to an alleged conspiracy to distribute heroin and methamphetamine. ECF No. 16. An Assistant Federal Defender appeared on behalf of Youker on September 22, 2014. ECF No. 13.

On November 4, 2014, a Superseding Indictment was filed that included additional counts of distribution and counts involving the use of a telephone in the commission of a drug trafficking offense. ECF No. 59. At a hearing also on November 4, 2014, Youker sought removal of the assigned Assistant Federal Defender from the case and appointment of new counsel. ECF No. 220 at 2−3. The Court granted the motion and a Criminal Justice Act ("CJA") attorney was substituted as defense counsel. ECF Nos. 69; 220 at 3.

On March 12, 2015, Youker asked to dismiss his second appointed counsel and to proceed pro se. ECF No. 128. The Court allowed Youker to proceed pro se with CJA counsel serving on standby. ECF No. 132. Youker filed numerous pretrial motions, including a motion and objections regarding discovery, approximately five motions to suppress, a motion for a *Franks*[1] hearing, and six motions to dismiss the Superseding Indictment. *See* ECF Nos. 147, 158, 168, 200, 253 295, 351 378, 398,

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978) (requiring an evidentiary hearing where defendant alleges a deliberate falsehood or reckless disregard for the truth and supports those allegations with an offer of proof).

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 2

374, and 412.  In October 2015, Youker sought Judge Mendoza's recusal by alleging that Judge Mendoza was biased against Youker and had "been working together [with the Government] since the beginning with lies."  ECF No. 342 at 8.  Youker also sought to disqualify his co-defendants' counsel by alleging conspiracy and ineffectiveness related to information about plea agreement negotiation that Youker allegedly learned when his co-defendant "confided" in him during custodial transport and while waiting for a pretrial hearing.  ECF No. 255 at 1; *see also* ECF No. 256. The Court denied Youker's motions.  *See* ECF Nos. 228, 264, and 388.

On September 1, 2015, Youker's co-defendants pleaded guilty to some of the counts charged in the Superseding Indictment.  ECF No. 747 at 5.  A Second Superseding Indictment was filed on October 6, 2015, charging Youker with 35 counts related to the distribution of controlled substances and the unlawful possession of firearms.  ECF No. 338.  The Government notified the Court and Youker of its intent to dismiss two of the counts of the indictment on November 27, 2015.  ECF No. 424.  On November 30, 2015, trial began on the remaining 33 charges against Youker.  ECF No. 431.

On December 16, 2015, the jury found Defendant guilty of 32 counts related to conspiracy to distribute methamphetamine and heroin, and unlawful possession of firearms and ammunition in furtherance of those crimes.  ECF No. 501. Youker filed

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 3

a post-verdict motion to dismiss based on alleged *Brady*[2] violations. ECF No. 513. Youker subsequently moved for re-appointment of CJA counsel for sentencing purposes on March 14, 2016. ECF Nos. 544, 545. On March 23, 2016, the Court re-appointed CJA counsel and denied the motion to dismiss as moot subject to renewal by defense counsel. ECF No. 554. Defense counsel did not renew the motion.

The Court sentenced Defendant to a 20-year term of incarceration on May 24, 2016, the mandatory minimum for three of Defendant's counts of conviction. ECF No. 583. The sentencing guideline range applicable to Defendant was 360 months to life. ECF No. 629 at 16. As stated by the Government in its brief, and supported by the docket:

> [At sentencing, the] government asserted that the Guideline range was appropriate; however, if the court was inclined to mitigate the sentence, the government recommended a sentence of 328 months. The district court indicated that it had thought 'very seriously' about imposing a Guideline sentence. In the end, the district court followed the recommendation of Defendant's counsel and imposed a sentence of 240 months.

ECF No. 747 at 7 (citing sentencing hearing transcript at ECF No. 629 at 21−22, 28−29, and 39).

The Court entered judgment on June 2, 2016, and Youker appealed the same day. ECF Nos. 583 and 585. Youker was represented by Criminal Justice Act

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.").

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 4

counsel on appeal. ECF No. 592. Youker appealed his conviction on the grounds that he was denied his Sixth Amendment right to self-representation while incarcerated pre-trial and Fifth Amendment right to due process and received ineffective assistance of standby counsel. Youker also argued that the district court abused its discretion by restricting his access to discovery and denying his motion to continue the trial.

The United States Court of Appeals for the Ninth Circuit affirmed the judgment on the merits on December 7, 2017, finding no error in the discovery procedures used by the Court or on the other grounds raised by Defendant. ECF No. 655. After granting Youker a 30-day extension to file a petition for panel rehearing and a petition for rehearing en banc, the Ninth Circuit denied both petitions that Youker filed. ECF Nos. 656 and 660. The Ninth Circuit issued its mandate on February 22, 2018. ECF No. 667. Youker next timely filed a petition for writ of certiorari, which the United States Supreme Court denied on May 29, 2018. ECF No. 677.

On December 7, 2018, Defendant petitioned under 28 U.S.C. § 2255 for relief from his conviction. ECF No. 687. On February 12, 2019, the Court screened the motion and denied it as to Defendant's contentions regarding discovery issues, alleged misconduct and deficient representation by standby counsel, alleged ineffective assistance by appellate counsel, and alleged error in denying Defendant's alibi defense. ECF No. 693. However, the Court required the Government to

respond to Defendant's arguments regarding *Franks* and *Brady* issues. *Id.* On April 1, 2019, the Court entered an order appointing the Federal Defender's office to assist Defendant with his section 2255 petition. ECF No. 707; *see also* ECF No. 708 (Notice of Appearance). Nevertheless, Defendant filed a pro se reply brief regarding his section 2255 petition on August 14, 2019. ECF No. 720. The Court dismissed Defendant's section 2255 petition on November 12, 2019, and denied Defendant a certificate of appealability. ECF No. 726. Defendant sought reconsideration of the Court's resolution of his section 2255 petition, and the Court denied the motion on December 10, 2019. ECF Nos. 729 and 730.

On February 10, 2020, Youker filed the instant motion to vacate the criminal judgment based on Defendant's allegation that he learned new information on approximately December 9, 2019, during a custodial transport in which he learned from another prisoner that a criminal defense law firm that Youker had criticized and accused of wrongdoing was composed of Judge Mendoza's wife and Judge Mendoza's former law partner. ECF No. 737 at 6. Youker alleges that he contacted the law firm in December 2014, but did not hire them after learning the fee, which he alleges was inflated because he is white. *Id.* Youker further alleges that he called Judge Mendoza's wife a "Mexican cartel whore" in his December 2014 phone call to the law firm, but did not learn about her relationship to Judge Mendoza until December 2019. *Id.* Youker alleges he learned that Judge Mendoza had "worked at [the] lawfirm prior as a mexican [sic] lawyer before becoming a judge." ECF No.

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 6

737 at 6. Youker alleges that the inmate who alerted him as to the relationship had a negative experience with the law firm. *Id.*

Upon the filing of Youker's instant motion, Judge Mendoza recused himself from any further proceedings in this matter, and the Chief Judge for the District reassigned the case to the undersigned. ECF Nos. 738 and 739.

On June 30, 2020, the Ninth Circuit denied Youker's request for a certificate of appealability for his first habeas petition on finding that he had "not shown that 'jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *See* ECF No. 755-1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## LEGAL STANDARDS

Federal prisoners claiming the right to be released on the ground that their sentence violates the Constitution or laws of the United States may petition for relief under 28 U.S.C. § 2255. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). If the district court denies the relief sought in the section 2255 petition, the prisoner may not appeal that denial without first obtaining a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). To obtain this certificate, the prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (3).

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 7

Additionally, prisoners are generally limited to one petition under section 2255 and may not bring a "second or successive" petition unless it satisfies the high bar of 28 U.S.C. § 2255(h). Section 2255(h) provides that such a petition cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, district courts have jurisdiction to consider motions under Fed. R. Civ. P. 60(b) in habeas proceedings so long as the motion attacks some defect in the integrity of the habeas proceedings, rather than the substance of the court's resolution of the claim on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Federal Rule of Civil Procedure 60(b) permits litigants to request reconsideration of a final judgment, order, or proceeding entered against them. Rule 60(b) lists five circumstances that may justify reopening a final judgment—including, for example, newly discovered evidence, fraud by the opposing party, or a mistake committed by the court—and a sixth, catch-all category. The sixth ground for relief allows a court to reconsider a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

1    A party seeking relief under Rule 60(b)(6) must satisfy three requirements: (1) the motion cannot be premised on another ground provided in the Rule, *see Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988); (2) it must be filed "within a reasonable time," *see* Fed. R. Civ. P. 60(c)(1); and (3) it must demonstrate "extraordinary circumstances" justifying reopening the judgment, *see Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Extraordinary circumstances occur where there are "other compelling reasons" for opening the judgment. *Klapprott v. United States*, 335 U.S. 601, 613 (1949).

When faced with a motion under Rule 60(b), district courts are tasked with ascertaining whether the motion is a "true" Rule 60(b) motion, or whether it is a disguised second or successive section 2255 petition. *See Washington*, 653 F.3d at 1159−60. Although the Supreme Court has not established a bright-line rule for identifying true Rule 60(b)(6) motions, it has held that a Rule 60(b) motion attacking some defect in the integrity of the habeas proceedings qualifies. *See id.* (discussing *Gonzalez*, 545 U.S. at 528). Such defects may include "fraud on the habeas court" and allegations that a previous ruling precluding a merits determination, such as denial for failure to exhaust, procedural default, or a statute-of-limitations bar, was in error. *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 n. 4−5). On the other hand, if a motion presents one or more "claims," "in effect ask[ing] for a second chance to have the merits determined favorably," it is properly

construed as a second or successive § 2255 motion, not a Rule 60(b) motion. *Id*. at 835.

## DISCUSSION

In seeking to set aside the criminal judgment in this matter pursuant to Fed. R. Civ. P. 60(b)(6), Youker argues that the United States District Court judge previously assigned to this case, Judge Mendoza, was biased by Defendant's "associations" with Judge Mendoza's spouse and former law partner. ECF No. 737 at 3. Youker further argues that, in resolving Youker's section 2255 petition, Judge Mendoza "follows a pattern of allowing law enforcement to provide unprecedented amounts of methamphetamine and heroin to be distributed on americans [sic]." ECF No. 749 at 2. Specifically, Youker argues that Judge Mendoza's bias is evidenced by ignoring allegedly "criminal behavior" by the officers whose investigation lead to Youker's charges and conviction, including, verbatim:

> 1. Unprecedented amounts of drugs were distributed by officers in this case at bar through their informants, making this an unprecedented case in america. [sic]
> 2. A informant used those narcotics to rape a woman[.]
> 3. A informant used those narcotics providing a pregnant mother[.]
> 4. The provided drugs to informants infected toddler babies[.]
> 5. The provided drugs were focused at specific citizens in the community[.]

*Id.*

The Government responds that Defendant's motion should be denied because it is "functionally a second motion pursuant to 28 U.S.C. § 2255 and it does not meet the criteria for a second motion under 28 U.S.C. § 2255(h)." ECF No. 747 at 13.

The Government further argues that Defendant does not identify any error for this Court to correct with regard to the section 2255 proceeding: "The district court was generous in its procedural rulings and its determination that the record conclusively established that Defendant was not entitled to relief can be objectively analyzed based on the precedents cited by the district court.  Thus, there is no nexus between the bias alleged by Defendant and any aspect of the § 2255 proceeding other than the district court's conclusion itself . . . ." *Id.* at 17.

As a preliminary matter, the Court finds that it need not resolve the issue of whether to treat Defendant's Fed. R. Civ. P. 60(b)(6) Motion as distinct from a second or successive habeas petition because Defendant's Motion fails on the merits under Rule 60(b)(6).

It is conceivable that the judicial bias or perceived bias of a judge could rise to the level of the "extraordinary circumstances" required for setting aside a judgment under Rule 60(b)(6).  *See Pioneer Inv. Servs.*, 507 U.S. at 393.  However, Rule 60(b)(6) should be used "sparingly as an equitable remedy to prevent manifest injustice." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Accordingly, the Rule allows relief only when a party can establish that "extraordinary circumstances prevented [it] from taking timely action to prevent or correct an erroneous judgment."  *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005).  Specifically, the party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 11

action in a proper fashion." *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

"The Supreme Court has long established that the Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge." *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). A judicial bias claim requires the party seeking relief to "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47, (1975).

A movant may show judicial bias in one of two ways: demonstrating the judge's actual bias; or showing that the judge had an incentive to be biased sufficiently strong to overcome the presumption of judicial integrity. *See Paradis v. Arave*, 20 F.3d 950, 958 (9th Cir. 1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "It is not sufficient to simply urge that a judge is biased because [he] has ruled against the litigant in this or another action; it is incumbent on the party seeking recusal to show an adverse ruling reflects bias, and petitioner has not done so." *Wilkins v. Macomber*, No. 16-cv-00221-SI, 2019 U.S. Dist. LEXIS 33255, at *3 (N.D. Cal. Mar. 1, 2019).

Defendant's allegations that the Court's bias was evidenced when it "ignored" Defendant's allegations of wrongful conduct by investigating officers and the

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 12

informants are duplicative of Defendant's arguments that were in the record before the Ninth Circuit when it denied Defendant a certificate of appealability for his section 2255 petition. *See* ECF Nos. 729 at 3; 755-1. Defendant does not point to any alleged manifestations of "a deep-seated favoritism or antagonism" with respect to these allegations beyond rejecting them as unfounded. Thus, Defendant does not meet his burden of showing either actual bias or any incentive to be biased sufficiently strong to overcome the presumption of judicial integrity. *See Paradis*, 20 F.3d at 958.

Likewise, Defendant does not offer any purported manifestations of bias in the Court's resolution of the section 2255 petition, or handling of any other stage of the litigation, with respect to the alleged December 2019 revelation that Judge Mendoza is related to and was formerly professionally associated with individuals at a law firm that Defendant briefly contacted in 2014. There is no indication, and, indeed, Defendant does not allege, that Judge Mendoza was aware of Defendant's limited contact with the law firm or the insults that Defendant allegedly spoke regarding Judge Mendoza's spouse, and, even if the Court were to credit Defendant's entire account as true, the Court cannot find any viable challenge to the integrity of the habeas proceeding in this matter based on such attenuated allegations. Defendant does not make any argument as to how such a remote, and limited interaction had any impact on the Court's handling of his section 2255 petition. Defendant does not present any extraordinary circumstances that support reopening the judgment. *See*

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) ~ 13

*Klapprott*, 335 U.S. at 613. Consequently, because any manifestations of bias stem solely from an adverse ruling on Defendant's section 2255 petition, a petition on which the Ninth Circuit already denied a certificate of availability, Defendant's Motion under Fed. R. Civ. P. 60(b)(6) is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate the Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, **ECF No. 737**, is **DENIED**.

2. Defendant's Jurisdiction Motion Pursuant to Rule 60(b)(6), ECF No. 745, is **DENIED AS MOOT**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Defendant and to counsel.

**DATED** August 7, 2020.

                                          *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                            United States District Judge