FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 08 2020

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON CHARLES YOUKER,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | ) CRIMINAL CASE No.2:14-cr-00152-RMP<br>) CIVIL CASE No.2:18-cv-00379-RMP<br>)<br>) **FIRST AMENDED 28 U.S.C.§2255**<br>) **COMPLAINT PURSUANT TO**<br>) **FED.R.CIV.P.15**<br>)<br>) *for public record* |

COMESNOW the above-named Petitioner, Pro se, and moves this Court with his first amended 28 U.S.C.§2255 complaint pursuant to FED.R.CIV.P. 15.

RULE 15(c)(1)(B) states: "The amendment asserts a claim or defense that arose out of the conduct,transaction,or occurance setout-or attempted to be setout-in the original pleading,or"

This amended complaint relates back to the date of the original complaint filed on 12/07/18,ECF No.687,under the requirements of Fed.R.Civ.P. 15.

A claim will not relate back "when new claims depend upon events seperate in 'both time and type'" from the original relief requested. See Mayle v. felix,545 U.S. 644,657,125 S.Ct. 2562,162 L.Ed.2d 582 (2005).

This "time and type" language "refers not to the claims,or grounds for relief. Rather,it refers to the facts that support those grounds." Ha Van Nguyen v. Curry,736 F.3d 1287,1297 (9th Cir.2013).

This amendment asserts a claim or defense that arose out of the conduct setout-or attempted to be setout-in the original pleading.

(1)

**GROUND ONE:** MOVANTS FIFTH AMENDMENT CONSTITUTIONAL RIGHTS WERE VIOLATED PURSUANT TO UNITED STATES V. RUSSELL, 411 U.S. 423, 93 S.Ct. 1637 (1973); ROCHIN V. CALIFORNIA, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed 183 (1952).

1. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within Original §2255 complaint, ECF No. 687, and each and every filing supporting §2255 complaint ECF No's 690, 720, and 729 with all attachments, and hereby incorporates them as though fully set forth herein.

2. After narcotic audio recorder controlled buy from movant, in order for agents to further their investigation they divided Meth and Heroin with their informants. Agents tactically allowed the informants to 'walk' with those narcotics for distribution on citizens without any intent of recovery.

3. Officers used a department tactic called "let walk", in order to further thier investigation against movant to achieve a statutory mandatory minimum. This tactic allowed unprecedented amounts of heroin and Meth to be distributed on the citizens without any intent of their recovery.

4. Officers allowed the informants to walk with over 78 grams of heroin and 33 grams of methamphetamine(Meth) in multiple controlled buys from movant.

5. These actions by officers "shock the conscience', as they violated statutes, federal narcotic laws, confidential informant guidelines, and promoted crime to achieve a non-violent drug offense.

6. What is more, their informants used those narcotics to distribute to a pregnant mother, juveniles, young adults, and one informant used the heroin to roofie and rape a woman.

7. In United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct.1637 (1973) the Court stated: "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, cf., Rochin v. California, 342 U.S. 165, 96 L.Ed. 183, 72 S.Ct. 205, 25 ALR 2d 1396, (1952)."

8. This case is outrageous and bars the government from invoking judicial process to obtain a conviction due to the criminal conduct of officers. In <u>Rochin</u>; substantive due process prevents the government from engaging in conduct that shocks the conscience. The Court has found police conduct that "shocks the conscience" to be a denial of due process. (Id. at 172)

9. This Court should grant §2255 complaint and vacate this case pursuant to the facts and laws provided.

(2)

**GROUND TWO: THE UNITED STATES ATTORNEY'S OFFICE KNOWINGLY MISREPRESENTED FACTS COMMITTING FRAUD ON THE COURT IN THEIR OUTRAGEOUS GOVERNMENT CONDUCT RESPONSE PRE-TRIAL WHICH VIOLATED MOVANTS CONSTITUTIONAL RIGHTS**

10. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within Original §2255 complaint, ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720,and 729 with all attachments,paragraphs 1 through 9 set forth here, and hereby incorporates them as though fully set forth herein.

11. Prosecutor for the United States committed fraud on the court by knowingly misstating facts in their Outrageous government conduct response,ECF No.213, where the Court used those stated facts to rule against movants due process outrageous government conduct motion, ECF No.200.

12. In the governments response,the presented fraudulent facts were stated as: "In the present case, the government did not engage in outrageous conduct in its investigation of the defendant. Even if it were shown that the informant engaged in collateral criminal acts during the course of the investigation, those acts were not committed at the direction of the government." (See ECF No.213,pgs.10-11,lines 12-27,& 1)

13. The USAO was obstructing the Court with facts known to be false, when officers testimony at trial provided their tactics were a direct result of officers actions in the case. Officers stated they provided the drugs that were to be distributed on their citizens within the community.

14. The Correct facts presented to the Court by the government would have allowed the Court to order a evidentiary hearing and consider all the relevant conduct by the officers in-relation to movants Outrageous government conduct due process accusations.

15. This Fraud allowed the USAO to obstruct the Court and denied Movant his right to have a hearing before the Court with all the correct facts.

16. The USAO committed perjury in an attempt to protect their agents pre-trial, due to the United States plea-bargain regime, in an effort to imprison movant and hide officers illegal unlawful conduct.

17. This is a form of prosecutor misconduct, the USAO is held to a higher bar of not falsifying documents to imprison a US citizen. This conduct by the USAO was intentional and egregious.

18. This conduct is a Constitutional violation within the 5th amendment due process,as well as others,therefore I ask the Court to construe this argument pursuant to <u>HAINES V. KERSE</u>, as I am not a attorney of the bar, and am limited to research due to the Covid-19 pandemic.

19. The Court should grant the §2255 complaint and vacate the case due to the egregious prosector misconduct and fraud on the court that has been presented here.

**GROUND THREE: OFFICERS AND THE USAO VIOLATED BRADY V. MARYLAND**

20. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within original §2255 complaint,ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720,and 729 with all attachments,paragraphs 1 through 19 set forth here, and hereby incorporates them as though fully set forth herein.

21. The officers and USAO suppressed exculpatory evidentiary facts pertaining to their Confidential Informant 14-020 (CI 14-020),who was the sole CI to achieve a statutory mandatory minimum against movant.

22. The suppressed facts of CI 14-020 were only disclosed at trial.

23. CI 14-020 was provided Methamphetamine(Meth) and Heroin for re-distribution on Americans, these facts were suppressed from all police reports in discovery and search warrant affidavits.

24. No where in discovery does any agent,police,or USAO provide when CI 14-020 was provided these drugs,why they provided the CI drugs,what drugs they provided, who the focus was of CI 14-020 to distribute those drugs too, and how much drugs they provided CI 14-020.

25. Officers provied more drugs to CI 14-020 then any other case in history. The provided drugs are unprecedented in this case.

26. The USAO falsified facts and tried to hide the conduct of officers in Court filed documents stating: "acts were not committed at the direction of the government" regarding illegal drug dealing by their informants. Therefore the USAO violated their oath of office and his undertaking to support the constitution. His conduct does not pass an objective test.

27. The USAO promoted the non-disclosure of exculpatory facts that would have disclosed illegal conduct by officers within a non-violent drug case.

28. Pursuant to the <u>Brady v. Maryland</u> exculpatory fact violations, and all the unknown with held facts, this Court should grant the §2255 complaint and Vacate the Judgment against movant.

**GROUND FOUR: THE COURT VIOLATED MOVANTS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO THE COMPULSORY PROCESS CLAUSE,TO THE RIGHT TO PRESENT A WITNESS ON MOVANTS BEHALF VIOLATING PENNSYLVANIA V. RITCHIE,480 U.S. 39, 107 S.Ct. 989,94 L.Ed.2d 40(1987);CHAMBERS V. MISSISSPPI,410 U.S. 284,302,93 S.Ct. 1038,1049,35 L.Ed.2d 297 (1973)**

29. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within original §2255 complaint,ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720,and 729 with all attachments,paragraphs 1 through 28 set forth here, and hereby incorporates them as though fully set forth herein.

30. The Court denied movant an alibi defense, which would have provided innocense to counts in the indictment, due to the courts ruling of the movant being untimely.

31. The Courts order, ECF No.693 at paragraph 23-24, alleges Rule 12.1 forcloses a alibi defense and movants sixth amendment right to present a witness in his favor.

32. The Court states movant forfeits his alibi defense because it was not disclosed until "almost a year after his deadline." Id. After the USAO requested alibi pursuant to Rule 12.1.

33. At the time of the USAO request, the alibi was unknown, however when the alibi was disclosed first verbally at the pre-trial conference, 21 days prior to trial, Nov.9th, 2015, ECF No.389 and then filed in the prison mail box system the next day following Rule 12.1(c) and Rule 16(c), which was 20 days prior to trial. ECF No.395.

34. When the Alibi was known, it was immediately disclosed to the USAO and Court.

35. Both Rule 12.1(c) and 16(c) states a "continuing duty to disclose"; the Court Clerk filed ECF No.395 of the alibi defense on 11/16/2015, 14 days prior to trial.

36. Two weeks later the bias judge denied the alibi pursuant to Rule 12.1(e) as "untimely", violating Supreme Court precedent and Movants Sixth amendment constitutional rights.

37. The denial of the alibi defense prejudiced movant to statutory mandatory minimum counts in the indictment, where the alibi would have provided innocence to those counts.

38. This was not a alibi to sandbag the USAO, nor was the alibi presented after the 11th hour, See Taylor v. Illinois, 448 U.S. 400, 413-16 (1988).

39. There was indisputable alibi evidence to present innocence to Counts in the indictment, which would have conclusively proven movant was 5-6 hours away from where police and CI's alleged. Movant was not present at the location where they alleged the drug transaction took place.

40. Due to the violation of this ground presented, the court should grant the §2255 complaint and vacate movant's criminal case.

**GROUND FIVE: APPELLATE COUNSEL VIOLATED MOVANTS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO EFFECTIVE COUNSEL, VIOLATING STRICKLAND V. WASHINGTON BY FAILING TO RAISE A OBVIOUS WINNING ARGUMENT**

41. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within original §2255 complaint, ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720, and 729 with all attachments, paragraphs 1 through 40 set forth here, and hereby incorporates them as though fully set forth herein.

42. Counsel refused to bring fourth grounds presented here in grounds one through four which were apart of the court record.

43. Movant requested and demanded multiple times for counsel to bring forth the Outrageous government conduct of officers providing meth and heroin to their informants for distribution to drug users so agents could achieve their statutory mandatory minimum control buy against movant at a later date.

44. Counsel was egregiously ineffective by denying solid and meritorious arguments based on directly controlling precedent, including but not limited too 5th amendment due process outrageous government conduct, Brady violations, Prosecutor misconduct, and fraud on the court, with the denial of an alibi defense as back-up.

45. Counsels refusal to bring forth obvious winning arguments is ineffective assistance of counsel, where those arguments are concisely presented on the record of the court and at trial.

46. Counsel brought forth an undeveloped, weak argument to the appellate court, where counsels argument needed to be further developed, therefore counsels pre-mature argument was denied due to a undeveloped record.

47. Had counsel brought forth the grounds presented here, he would have succeeded in relief for movant. There is no excuse for not bringing facts of law enforcement providing narcotics to their informants of drug users to further their investigation against movant in order to procure a statutory mandatory minimum non-violent drug crime.

48. Due to appellate counsel being ineffective which violated movants sixth amendment constitutional rights, this court should vacate this case and grant the relief pursuant to the original 28 U.S.C.§2255 complaint.

**GROUND SIX: JUDGE SALVADOR MENDOZA JR., DENIED APPEALLATE COUNSEL DAN JOHNSON FILED COURT DOCUMENTS THAT COUNSEL HAD REQUESTED FROM THE COURT FOR MOVANTS APPEAL**

49. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within original §2255 complaint, ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720, and 729 with all attachments, paragraphs 1 through 48 set forth here, and hereby incorporates them as though fully set forth herein.

50. Judge Mendoza denied appellate counsel filed court documents that counsel requested from the Court for movants appeal.

51. There was no good cause for the Court to deny the documents for appeal.

52. Statements made by Counsel are provided as an offer of proof where the court refused to release specific documents relating directly to movants appeal. The documents supported counsels argument that no private investigation was done on movants behalf, denying all movants requests.

53. The Judge did not have the right to with hold exculpatory documents from movants appellant counsel which he wanted to present to the Court in appeal.

54. I can not find my case in the 9th circuit where this type of judicial conduct has taken place in the past. These documents were indisputable proof to provide proof in movants appeal.

55. A JUDGE IS A PUBLIC OFFICIAL WHOSE FUNCTION IS TO HEAR AND DECIDE LEGAL DISPUTES, PRESIDE OVER TRIAL, AND GENERALLY MONITOR THE CONDUCT OF CASES PRESENTED TO THE COURT. Where is a Judges function to deny filed documents at the request of an appellate attorney? More to the point, does such a rule exist in a criminal case??

56. What goal would a Judge deny my attorney documents for an appeal other than his own personal goal?

57. The document is described in detail in Original §2255 and what it represents pursuant to exculpatory evidence pertaining to a private investigator, however its the judges conduct that is also in question.

58. I do not know if this act falls into a particular category of a constitutional violation, possible 5th due process, therefore I render the legal argument to the judgment of the Court.

**GROUND SEVEN: COUNSEL MARK CASEY WAS INEFFECTIVE VIOLATING MOVANTS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS PURSUANT TO STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).**

59. Movant repeats and realleges each and every grounds 1 through 9 and allegations contained in paragraphs 1 through 255 within original §2255 complaint, ECF No.687, and each and every filing supporting §2255 complaint ECF No's 690,720, and 729 with all attachments, paragraphs 1 through 58 set forth here, and hereby incorporates them as though fully set forth herein.

60. **FIRST:** Counsel violated STRICKLAND by the complete failure to conduct any investigation and review any discovery with movant.

61. Counsel refused to interview any witnesses in the case, also refused every request from movant to review discovery, specifically police reports and search warrant affidavits.

62. Counsel was weekly requested from movant to review discovery, however each week counsel used coercive and manipulative tactics to achieve a plea agreement on behalf of the USAO.

63. Counsel complete refusal to interview witnesses or to investigate, allowed officers tactics with confidential informants to be unknown until trial. This ineffective tactic allowed the USAO to suppress the illegal conduct of their officers. This prejudiced movant to bring to the light the Constitutional violations committed within the Case.

(7)

64. During the process to proceed pro se, Counsel threatened movant that "no attorney would represent You" and that "the USAO would pursue murder charges" in a coercive attempt to get movant to plea and not proceed pro se, the same tactic he had used at a earlier hearing before i went pro se.

65. On 11/13/2014, at a proceeding held before magistrate John T. Rodgers, movant brought to the Court, and on the record, of counsels threat of murder charges just for pursuing a lousy bail hearing.

66. **SECOND:** Counsel committed fraud on the court by committing perjury at movants pro se hearing, when he stated to the Court that his Private Investigator would only work on the case if he was in some way still involved.

66. Counsel was continuing his tactics to help the USAO keep investigation and discovery out of movants hands by proceeding pro se.

67. The P.I. said Counsel was "full of shit" and that he was not or ever has been Counsels P.I.

68. By this fraud on the Court, counsel was put in a position to continue the tactic of denying all of movants pro se investigative requests, none were honored.

69. When movant brought to the Courts attention that all P.I. requests were denied by Counsel and dishonored, the Court questioned counsel in his new position of "Stand-by Counsel", and Counsel then committed his greatest fraud on the court, he told the Court that all of movants requests for the P.I. were "unethical", however he could not attach one request to the P.I. that was "unethical", he made a broad fradulent statement.

70. This "unethical" claim was a **BOLD FACE FRADULENT LIE** to the Court due to the fact each and every P.I. request made by movant was presented to the Court and filed on the ECF record. These P.I. requests were provided to the Court because counsel refused to honor the requests and instruct the P.I. to investigate. The Court had every request made to "Stand-by Counsel", none of any of the requests to the P.I. were "unethical". Counsel is a fraud and the Court allowed him to continue his fraud without a single inquiry to what was unethical about any of movants requests to the P.I.

71. The Judge was familiar with each and every request made to the P.I., however the Court allowed counsel to deny all of a pro se defendants requests with out any good cause. The judge allowed a Officer of the Court to Commit perjury and fraud knowingly. "There was no tactic or strategy by counsels refusal to interview witnesses and review discovery with movant, or to threaten and coerce movant to accept a plea other than to protect the illegal police conduct committed within the case."

72. **THIRD:** Counsel violated the <u>STRICKLAND</u> standard at movants sentencing hearing.

73. Counsel refused to attack the governments intent to use a old criminal conviction to enhance movants case.

(8)

74. The old criminal conviction was unconsititutional and did not qualify to enhance movants sentence under 21 U.S.C.§841 pursuant to §851.

75. This failure allowed the USAO to prejudice movant to 10 years more incarceration.

76. Although Counsel filed his sentencing memorandum,ECF No.568, and told movant he would fight for a sentence under the Statutory mandatory minimum using the Safety Valve for movant. Counsel also told movant he would object to the §851 enhancement as the underlining crime did not qualify. Counsel lied to movant and instead of arguing for what he filed in his sentencing memorandum,he diligently agreed with the USAO to a minimum sentence of 20 years at sentencing allowing the USAO to use the old criminal case that was unconstitutional and did not qualify for the enhancement.

77. Counsel Has no "ethics" and lies and commits fraud on his clients,he is nothing more than a prosecutor acting as an attorney for defendants. His sole agenda is to get plea bargains to line his pockets with $$ at the expense of his clients future imprisonment.

78. There is no tactic or strategy to not challenge anything at sentencing,his performance at sentencing was delinquent,**COUNSEL DID NOTHING AT SENTENCING OTHER THAN BE A SHEEP IN WOLVES CLOTHING.**

79. He refused to challenge drug quanity, when ghost drugs were used to enhance movants sentence that did not ever exist,nor would he challenge drugs that were sold by C.I.s that did not exist because they were used by Americans provided by officers and the C.I.s.

80. None of the enhancements in this case were proven and found by a jury,the judge violated movants rights by using a preponderance of the evidence scheme to enhance movants sentence violating Supreme Court <u>APPRENDI/ALLEYNE</u> rulings, and counsel never Objected.

81. Counsels failure to object to the §851 enhancement by the USAO allowed the Court to use criminal history that did not qualify for the enhancement as stated by the Supreme Court and 9th circuit.

82. The Supreme Court stated regarding Washington State in U.S. v. Rodriguez, 533 U.S. 377,128 S.Ct. 1783,170 L.Ed.2d 719(2008);United States v. Valencia-Mendoza 912 F.3d 1215,1223 (9th cir.2019)

83. "As noted,Washington statutes prescribe a required sentencing range that binds the sentencing Court" Id at 1223. Movants maximum sentence was 102 months which the USAO used to enhance under §851,which did not qualify therefore counsels failure to object violated movants rights under the <u>STRICKLAND</u> standard due to it prejudiced movant to 10 more years in prison.

84. Do to the facts presented,counsel violated **<u>STRICKLAND</u>**, and this court must Vacate the movants criminal case and remand for a new sentance.

## RELIEF:

Pursuant to the above-stated facts and declaration in support of this motion, the movant asks this Court to grant the motion to vacate on the grounds and facts provided with-in this motion as well as all the facts presented in movant's §2255 complaint filings on the record.

Movant prays for relief from this unconstitutional conviction against the movant from all the facts provided to this Court.

_____
JASON CHARLES YOUKER #11996-085
FCI ENGLEWOOD
9595 WEST QUINCY AVENUE
LITTLETON, CO. 80123

DATED: 8-31-2020

(10)

## CERTIFICATE OF SERVICE

I Jason Youker declare I provided the following documents in the U.S. Postal Mail service to the following person(s):

1. United States District Court
   Office of the Clerk
   P.O. Box 1493
   Spokane, WA. 99210

2. Timothy J Ohms
   P.O. Box 1494
   Spokane, WA. 99210-1494

JASON YOUKER #11996-085
FCI ENGLEWOOD
9595 WEST QUINCY AVENUE
LITTLETON, CO. 80123

DATED: 8-31-2020

(1)