FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON C. YOUKER (1),<br><br>Defendant. | NO: 2:14-CR-152-RMP-1<br><br>ORDER DENYING SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant Jason Youker's Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 768. The Court has reviewed the motion, has considered the record, and is fully informed.

## BACKGROUND

On November 12, 2019, the Court dismissed Youker's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF Nos. 687 (Section 2255 Habeas Petition) and 726 (Order). On June 30, 2020, the Ninth Circuit denied Youker's request for a certificate of appealability for his habeas petition upon a finding that he had "not shown that 'jurists of reason would find it debatable whether

the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" See ECF No. 755-1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

On August 7, 2020, this Court issued an Order Denying Defendant's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6). ECF No. 759. The Court declined to issue a certificate of appealability. ECF No. 766. On October 14, 2020, the Ninth Circuit denied a motion by Youker for a writ of mandamus. ECF No. 770. The Ninth Circuit further ordered that "[n]o further filings will be accepted in this closed case." *Id.*

**LEGAL STANDARD**

A federal prisoner in custody may file a motion under 28 U.S.C. § 2255 to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255. However, the Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*,

653 F.3d 1057, 1059 (9th Cir. 2011).  A motion under Section 2255 is successive if it raises claims that were adjudicated, or could have been adjudicated, on the merits in a previous Section 2255 motion.  *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Pursuant to 28 U.S.C. § 2255(h),

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

## DISCUSSION

This Court already has resolved a Section 2255 motion and a Rule 60(b)(6) motion from Defendant.  ECF Nos. 726 and 759.  Defendant does not demonstrate that the Ninth Circuit has authorized a successive Section 2255 motion.  Lacking that authorization from the appellate court, a district court "lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.  This Court may not,

ORDER DENYING SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1  and will not, consider a successive Section 2255 motion from Defendant until

2  presented with a certificate from the Ninth Circuit authorizing this Court to do so.

3  *See Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C.

4  § 2255(h)).

5      Accordingly, **IT IS HEREBY ORDERED**:

6      1. Defendant's Successive Motion to Vacate, Set Aside, or Correct Sentence
7         Under 28 U.S.C. § 2255, **ECF No. 768**, is **DENIED**, and this Section 2255
8         matter is **DISMISSED for lack of subject matter jurisdiction**.
9         Defendant's Section 2255 matter is now **CLOSED**.

10     2. To the extent that 28 U.S.C. § 2253(c)(1)(A) applies here, where the Court
11        does not reach the claims raised by Defendant in his successive Section
12        2255 motion, the Court declines to issue a certificate of appealability
13        because the Court does not find an open question as to whether "jurists of
14        reason would find it debatable whether the district court was correct in its
15        procedural ruling." *See Slack*, 529 U.S. at 478.

16     **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

17  Order and provide copies to Defendant and counsel.

18     **DATED** October 30, 2020.

19

20                     *s/ Rosanna Malouf Peterson*
                       ROSANNA MALOUF PETERSON
                          United States District Judge

21

ORDER DENYING SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4