FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JASON C. YOUKER (1),<br><br>　　　　　　　Defendant. | NO:  2:14-CR-152-RMP-1<br><br>ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR COMPASSIONATE RELEASE |

   BEFORE THE COURT is Defendant Jason Youker's Motion for Reconsideration, ECF No. 771, which the Court construes as a renewed Motion[1] for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) through compassionate release. The Court previously stayed briefing of the Motion to allow Defendant to benefit from appointment of the Federal Defenders of Eastern Washington and Idaho in a

---

[1] The Court denied without prejudice Mr. Youker's first Motion for Compassionate Release for failure to exhaust administrative remedies.  ECF No. 767.  The Government had filed an extensive opposition to Mr. Youker's first Motion for Compassionate Release.  ECF No. 757.

ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR COMPASSIONATE RELEASE ~ 1

1  limited capacity to screen Defendant's request for compassionate release for

2  eligibility and conflicts.  ECF No. 773; *see also* General Order 20-9-1 (Aug. 30,

3  2020).

4      After completing the screening, the Federal Defenders withdrew from further

5  representation of Defendant.  On January 15, 2021, Defendant filed a supplement to

6  his Motion for Sentence Reduction indicating that he was seeking to obtain his

7  medical records as well as a declaration from his mother from the Federal Defenders.

8  ECF No. 787 at 1−2.  The Court extended Defendant's opportunity to provide further

9  briefing to the Court.  ECF No. 788.  This matter became ripe for hearing when

10 Defendant filed his supplemental brief and attachments on March 5, 2021.  ECF No.

11 790.  Having reviewed Defendant's Motion, ECF No. 771, and supplemental brief,

12 ECF No. 790; the remaining record in this case; the relevant law; the Court is fully

13 informed.

### BACKGROUND

15     On December 16, 2015, a jury convicted Mr. Youker of 32 counts involving

16 conspiracy to distribute methamphetamine and heroin, and unlawful possession of

17 firearms and ammunition in furtherance of those crimes.  ECF No. 501.  Mr.

18 Youker's adjusted offense level of 41 and criminal history category of III resulted

19 in an advisory U.S. Sentencing Guidelines range of 360 months to life.  On May

20 24, 2016, Mr. Youker received a sentence of: 20-years of incarceration for Counts

21 1 through 9, with 20 years constituting the mandatory minimum for Counts 1, 8,

1  and 9; 10 years for Counts 10 and 11; and 96 months for Counts 14 through 21 and

2  23 through 35; with all sentences running concurrently.  ECF No. 583.

3       Defendant is 47 years old and currently is incarcerated at Federal

4  Correctional Institution—Englewood (FCI Englewood) in Littleton, Colorado.

5  United States Bureau of Prisons ("BOP") records indicate that Defendant's

6  anticipated release date is October 3, 2031.  Mr. Youker maintains that he has

7  already served 77 months of his sentence.  ECF No. 790 at 8.

8       The medical records that Mr. Youker submitted indicate that he has ongoing

9  health issues with allergic rhinitis and conjunctivitis and pain in his left shoulder

10  and upper arm.  ECF No. 790 at 11.  Mr. Youker's vision is affected by myopia

11  with astigmatism.  *Id.*  The medical records also indicate that Mr. Youker was

12  confirmed to be infected with COVID-10 on December 9, 2020, and his infection

13  was designated as "resolved" as of December 13, 2020.  *Id.*  However, Mr. Youker

14  self-reports a "greatly reduced breathing capacity" after he tested positive for

15  COVID-19.  *See id.* at 6.

16       Mr. Youker proposes release to his mother's residence in northwestern

17  Washington, following a 14-day quarantine after his release from BOP custody.

18  ECF No. 790 at 7.  Mr. Youker asserts that his mother would benefit from his

19  assistance around the house, since she is recovering from recent back surgery, and

20  his children also would benefit from his release, both psychologically and by

21  receiving Mr. Youker's financial support.  *Id.*  Mr. Youker submits a letter from

ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR
COMPASSIONATE RELEASE ~ 3

his mother confirming that she gives Mr. Youker permission to live with her and that she would benefit from his assistance. *Id.* at 12.

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable and upon a finding that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

(A) Medical Condition of the Defendant.—
    (i)    The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
    (ii)    The defendant is—
        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,
        that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'
(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10

    years or 75 percent of his or her term of imprisonment, whichever is less.
 (C) Family Circumstances—
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
 (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

  Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the BOP. Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[2]

  Relief under 18 U.S.C. § 3582(c)(1)(A) is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the warden's

---

[2] The Court takes judicial notice that as of March 2021, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR COMPASSIONATE RELEASE ~ 5

receipt of Defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Exhaustion

Defendant represents that he has exhausted administrative remedies by requesting compassionate release from the warden at FCI Englewood on September 1, 2020, and receiving a denial of the request on September 18, 2020. ECF No. 790 at 2. Although Defendant does not indicate whether he appealed the denial within BOP, the Court assumes without deciding that there were no other avenues for relief for Defendant to exhaust at the agency level. *See* 18 U.S.C. § 3582(c)(1)(A).

Extraordinary and Compelling Reasons

Defendant is eligible for release only if he can demonstrate that he has "extraordinary and compelling" circumstances that would justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the United States Sentencing Commission directs courts to consider. USSG § 1B1.13.

Defendant argues that the BOP is inattentive to his and other inmates' medical needs and asserts that he will not receive the access to medical specialists that he may need should he become reinfected with COVID-19 or experience long-term health problems from his previous infection. ECF No. 790 at 6. Defendant maintains that FCI Englewood is over capacity and that the facility's response to the pandemic is

both inadequate and causes stress and suffering for inmates, through either prolonged isolation or inability to avoid contracting the virus. *Id.* at 8–9. Defendant contends that enduring these aggravated conditions of incarceration have fulfilled the objective of punishment for his crimes and that only when he is released will he be able to "seek professional medical assistance for his multiple medical issues." *Id.*

Defendant has not shown that he has any health conditions or other personal characteristics that amount to an extraordinary and compelling reason for reduction of his sentence due to the pandemic. Defendant is not in a vulnerable age group and does not have any chronic health conditions that make him particularly susceptible to complications from COVID-19. Indeed, Defendant has not submitted any medical documentation of health effects after he was confirmed to have contracted the virus in December 2020. Rather, the medical documentation indicates that his infection had "resolved" within days of his positive test. ECF No. 790 at 11.

Furthermore, the Court does not accept that the existence of COVID-19 in a BOP facility qualifies as a basis for releasing the inmates of that facility. Nor does the Court find that COVID-19 in and of itself is an extraordinary and compelling reason to warrant a compassionate release under 18 U.S.C. § 3582(c), because COVID-19 affects nonincarcerated individuals as well as incarcerated ones. Therefore, the Court does not find any extraordinary or compelling reason particular to Defendant to support compassionate release.

ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR COMPASSIONATE RELEASE ~ 7

Section 3553(a) Factors

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a) further weigh against compassionate release for Defendant, especially "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).  By the time of Defendant's instant convictions for serious offenses involving drug distribution and firearms, he had a length criminal history, beginning at age 15, featuring prior convictions for possession of cocaine with intent to deliver, burglary with a handgun, and possession of cocaine with a deadly weapon.   The sentencing court found the following term of imprisonment, followed by ten years of supervised release to constitute a just punishment for Defendants' instant convictions: "20 years with respect to each of Counts 1ss, and 4ss through 9ss, 10 years with respect to each of Counts 2ss and 3ss; 10 years with respect to each of Counts 10ss through 11ss; 96 months with respect to each of Counts 14ss through 21ss, and 23ss through 35ss.  All to be served concurrently with each other for a total term of 20 years.  Defendant shall receive credit for time served in federal custody prior to sentencing in this matter." ECF No. 583 at 3.  Importantly, twenty years is the mandatory minimum penalty for three of Defendant's counts of conviction.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and 851.

The approximately ten remaining years of Defendant's term of incarceration also weigh against granting Defendant's request for release.  See 18 U.S.C. § 3553(a)(2)(C); see also United States v. Lonich, No. 1:14-cr-00139-SI-1, 2020 U.S.

ORDER DENYING DEFENDANT'S CONSTRUED RENEWED MOTION FOR COMPASSIONATE RELEASE ~ 8

Dist. LEXIS 90634, 2020 WL 26148743, at *3 (N.D. Cal. May 21, 2020) (denying motions for compassionate release, noting, "the Court finds it significant that defendants have served far less than half of their sentences"). Therefore, the Court concludes that the section 3553(a) factors weigh against granting Defendant compassionate release under the circumstances presented in his motions. The Court further concludes that there is insufficient support for finding that Defendant is no longer a danger to the community; this conclusion further supports Defendant's continued incarceration.

Accordingly, having considered all of the factors required by USSG § 1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, **ECF No. 771**, which the Court construes as a renewed Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) through compassionate release, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and Defendant.

**DATED** March 29, 2021.

　　　　　　　　　　　　　　　　*s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　　　United States District Judge