FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JASON C. YOUKER,<br><br>                Defendant. | NO:  2:14-CR-152-RMP-1<br><br>ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |

BEFORE THE COURT is Defendant Jason Youker's renewed, post-remand *pro se* Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A)(i).  ECF Nos. 771 (original motion) and 801 (supplemental initial brief on remand).  Having reviewed the original Motion, ECF No. 771; Defendant's Supplement, ECF No. 801; the Government's Response, ECF No. 804, and sealed exhibit, ECF No. 808[1]; and

---

[1] This exhibit was sealed to protect Defendant's health records from public disclosure.  *See* ECF No. 807 (text order granting the Government's Motion to Seal upon good cause shown).

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 1

1  Defendant's Reply, ECF No. 813; the remaining record; and the relevant law; the

2  Court is fully informed.  After considering the applicable factors provided in 18

3  U.S.C. § 3553(a) and the applicable policy statements issued by the United States

4  Sentencing Commission ("USSC"), the Court finds that compassionate release is not

5  based warranted on Mr. Youker's circumstances.

6  **BACKGROUND**

7  On December 15, 2016, a jury found Mr. Youker guilty of 32 counts relating to

8  the distribution of controlled substances and unlawful possession of firearms and

9  ammunition.  ECF No. 501.  Mr. Youker's total offense level of 40 and criminal

10  history category of III resulted in an advisory United States Sentencing Guidelines

11  ("USSG") range of 360 months to life.  *See* ECF No. 629 at 36–37.  On May 24,

12  2016, Mr. Youker received a sentence of: 20 years of incarceration for Counts 1

13  through 9; 10 years for Counts 10 and 11; and 96 months for Counts 14 through 21

14  and 23 through 35; with all sentences running concurrently.  ECF No. 583.  The

15  sentencing judge determined that a twenty-year mandatory minimum term applied to

16  Counts 1, 8, and 9.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and 851.

17  At sentencing, the Government advocated for a sentence within the USSG

18  range, and further argued that, if the Court were inclined to mitigate Mr. Youker's

19  sentence, a sentence of 328 months of incarceration would be appropriate because it

20  would fall in the middle of a downward-adjusted USSG range.  ECF No. 629 at 21–

21

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 2

22.  The Court presiding over sentencing[2] indicated that it had thought "very seriously" about imposing a USSG sentence.  *Id.* at 28–29.  Ultimately, the Court followed the recommendation of Defendant, through counsel, and imposed the 240-month sentence as a downward variance from the USSG range.  *Id.* at 39.

Mr. Youker, acting pro se, initially moved for compassionate release on July 13, 2020, seeking relief from the threat posed to him by the COVID-19 pandemic while incarcerated.  ECF No. 752 at 1.  This Court found that Mr. Youker failed to exhaust his administrative remedies and denied his Motion for Compassionate Release without prejudice on September 1, 2020.  ECF No. 767.

On October 19, 2020, Defendant filed a Motion for Reconsideration, which this Court construed as a Renewed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 771.  The Court deferred briefing of the Motion to allow Mr. Youker the chance for the Federal Defenders of Eastern Washington to screen his Motion.  ECF No. 773.  The Federal Defenders office completed its screening and withdrew from further representation.  ECF No. 791.  With the Court's permission, Mr. Youker filed a supplemental brief on his own behalf on March 5, 2021.  ECF Nos. 788 and 790.

---

[2] This case was reassigned to the undersigned in February 2020 after Judge Salvador Mendoza, Jr. entered an Order of Recusal.  ECF Nos. 738 and 739.

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 3

1       On March 29, 2021, this Court denied Mr. Youker's Renewed Motion for

2   Compassionate Release.  ECF No. 791.  The Court noted that Mr. Youker has no

3   health condition or personal characteristic, or any combination thereof, that

4   predisposes him to complications from contracting the novel coronavirus, and Mr.

5   Youker already had recovered from the virus in December 2020.  *Id.*  The Court also

6   rejected that the presence of the COVID-19 in United States Bureau of Prisons

7   facilities is "in and of itself . . . an extraordinary and compelling reason to warrant

8   compassionate release under 18 U.S.C. § 3582(c), because COVID-19 affects

9   nonincarcerated individuals as well as incarcerated ones." *Id.* at 7.  This Court

10  proceeded to assess the sentencing factors under 18 U.S.C. § 3553(a) and found that

11  they further weighed against compassionate release for Mr. Youker.  *Id.* at 8–9.  In

12  addition, the Court found insufficient support to conclude that Defendant was no

13  longer a danger to the community.  *Id.* at 9.

14      In issuing the March 29, 2021 Order, this Court noted that the USSG policy

15  statement applying to compassionate release requests, USSG § 1B1.13, had not "been

16  updated since enactment of the First Step Act," which allows a federal prisoner to

17  seek a sentence reduction and compassionate release on his own behalf.  ECF No.

18  791 at 5.  However, the Court also reported in the conclusion of the Order that it had

19  "considered all of the factors required by USSG § 1B1.13, as well as those set forth

20  in 18 U.S.C. § 3553(a) . . . ." *Id.* at 9.

21

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 4

1    After the Court issued its March 29, 2021 Order, but before Mr. Youker

2    appealed the Order on April 29, 2021, the United States Court of Appeals for the

3    Ninth Circuit decided *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).  The

4    Ninth Circuit held that the current version of USSG § 1B1.13 is not binding as

5    applied to compassionate release motions.  *Aruda*, 993 F.3d at 802.  On motion from

6    the Government, the Ninth Circuit remanded Defendant's appeal to this Court to

7    consider Defendant's Motion for Compassionate release in light of *Aruda*.  ECF Nos.

8    798 (Slip Opinion) and 800 (Mandate).

9    Defendant is 48 years old and currently is incarcerated at Federal Correctional

10   Institution—Englewood (FCI-Englewood) in Littleton, Colorado.  United States

11   Bureau of Prisons ("BOP") records indicate that Defendant's anticipated release date

12   is October 3, 2031.

13                          **LEGAL STANDARD**

14   A court may reduce a term of imprisonment on compassionate release grounds

15   after considering the factors under 18 U.S.C. § 3553(a), to the extent that they are

16   applicable, and upon a finding that "extraordinary and compelling reasons warrant

17   such a reduction."  18 U.S.C. § 3582(c)(1)(A).  The reduction also must be

18   "consistent with applicable policy statements issued by the Sentencing

19   Commission."  *Id.*

20   The U.S. Sentencing Commission has issued a policy statement recognizing

21   certain circumstances as "extraordinary and compelling reasons" for purposes of

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 5

compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

(A)  Medical Condition of the Defendant.—
     (i)   The Defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
     (ii)  The defendant is—
           (I)    suffering from a serious physical or medical condition,
           (II)   suffering from a serious functional or cognitive impairment, or
           (III)  experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances—
     (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
     (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1.

1    Until December 21, 2018, the Court could reduce a term of imprisonment for

2    extraordinary and compelling reasons only upon motion by the Director of BOP.

3    Following enactment of the First Step Act, a federal prisoner may move on his own

4    behalf for a sentence reduction and compassionate release after exhausting all

5    administrative appeals. 18 U.S.C. § 3582(c)(1)(A).  The Court previously found that

6    exhaustion of administrative remedies had been satisfied.  ECF No. 791 at 6.

7    Section 1B1.13, USSG, has not been updated since enactment of the First Step

8    Act.[3]  The policy statements in USSG § 1B1.13 "may inform a district court's

9    discretion for [considering compassionate release] motions filed by a defendant, but

10    they are not binding."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

## DISCUSSION

### *Extraordinary and Compelling Reasons*

13    Defendant argued in his original Motion for release due to his inability, as a

14    person incarcerated at FCI-Englewood, to "take precautions recommended by public

15    health officials."  ECF No. 752 at 1.  As stated above, the Court did not find

16    extraordinary and compelling reasons in the generalized risk posed by COVID-19,

17    without any personal characteristics or circumstances that placed him at greater risk

18    than other inmates and having already once recovered from a COVID-19 infection.

19

20    [3] The Court takes judicial notice that as of the date of this Order, there are an
insufficient number of confirmed commissioners to comprise a quorum for
purposes of amending the USSG.

21

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 7

1  ECF No. 791 at 6–9.  Moreover, in the post-remand submissions from the

2  Government, the Court has learned that while Defendant was seeking release based

3  on an argument that FCI-Englewood offered inadequate protection to inmates

4  COVID-19, Defendant also declined to receive a COVID-19 vaccination from BOP.

5  *See* ECF No. 804 at 9, n. 5.  Looking to USSG § 1B1.13 for non-binding guidance,

6  the Court finds no basis to depart from its previous conclusion that Defendant has

7  not shown that he has any health condition(s) or other personal characteristic(s) that

8  amount to an extraordinary and compelling reason for reduction of his sentence due

9  to COVID-19.  ECF No. 791 at 7.

10      ***Section 3553(a)***

11      On remand, Defendant argues that the Court should consider that he could or

12  should have received Safety Valve relief and should not have been subject to the

13  twenty-year mandatory minimum for three of his counts of conviction.  ECF Nos.

14  801 at 2; 813 at 2–5.  First, Defendant argues that "[d]uring sentencing the

15  Defendant was denied the Safety Valve by the Court and attorneys representing due

16  to incorrect quailifying [sic] factors, using only criminal history points to disqualify

17  the defendant."  ECF No. 801 at 2.  Defendant also maintains that his prior state

18  offenses would no longer qualify as predicate offenses for purposes of a twenty-year

19  mandatory minimum if he were sentenced after the enactment of the First Step Act

20  because they were not "punishable by at least ten years" as Defendant contends is

21  required by the narrower "serious drug felony" category versus the "felony drug

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 8

offense" category that was in effect at the time that he was sentenced. ECF No. 813

at 3 (citing *United States v. Williams*, No. 20-30201, 2021 U.S. App. LEXIS 21105

(9th Cir. July 16, 2021)); *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th

Cir. 2018)). Defendant argues that the mandatory guideline range for his predicate

prior "felony drug offense" was only 102 months, less than ten years. *Id.*

Defendant also argues that he was "taxed" for exercising his right to proceed

to trial after rejected a 15-year term of incarceration plea offer from the Government,

and that a sentence reduction is warranted to address a disparity between the

sentence that he received and the sentences given to his co-defendants. ECF Nos.

801 at 3–4; 813 at 5–7.

The Government responds that, "even without regard to Defendant's criminal

history points, Defendant was an organizer/leader under USSG §3B1.1(c), possessed

multiple firearms in connection with the offense, and failed to provide the

government with any information or evidence about the offense." ECF No. 804 at 9.

The Government argues that these facts disqualified Defendant from Safety Valve

relief at sentencing and remain disqualifying after the First Step Act. *Id.* at 9–10.

As to the application of a mandatory minimum sentence for Counts 1, 8, and

9, based on a prior "felony drug offense," the Government argues that Defendant

would not be entitled to retroactive application of the changes to predicate offenses

for the mandatory minimum penalty under 21 U.S.C. § 851, nor does Defendant

maintain as much. ECF No. 804 at 11, n. 6 (citing *United States v. Kelley*, 962 F.3d

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 9

1   470 (9th Cir. 2020)).  The Government further argues that even if the twenty-year

2   mandatory minimum had not been applied at Defendant's sentencing, Defendant's

3   USSG range would have remained 360 months to life, and a twenty-year sentence

4   would still have been ten years (or one-third) below the low end of that range.  *Id.* at

5   11–12.

6          With respect to Defendant's allegation of a disparity between his sentence and

7   his co-defendants', the Government argues that his co-defendants received reduced

8   sentences because they had reduced roles in the offense, cooperated with the

9   Government, and testified against Defendant at trial.  ECF No. 804  at 10–11. The

10   Government argues that Defendant's sentence achieves the goals of the section

11   3553(a) sentencing factors, which "weigh heavily" against reducing Defendant's

12   sentence.  ECF No. 804 at 13–16.  The Government cites the Presentence

13   Investigation Report as support for the seriousness of Defendant's offenses,

14   including attempting to "create a police-free compound" for the distribution of

15   controlled substances, complete with a rock barricade and sentry posts, and outfitted

16   with ammunition and firearms, including two that had been stolen.  ECF No. 804 at

17   2–3, n. 2.  The Government also recites Defendant's history of criminal convictions

18   dating back to age fifteen and including violent offenses such as burglary involving

19   holding the victim at gunpoint and "Delivery of a Controlled Substance or

20   Possession of a Controlled Substance with Intent to Deliver, including one in which

21

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 10

1  Defendant was armed with a deadly weapon and was accompanied by his 17-month

2  old son[.]" *Id.* at 15.

3      The Ninth Circuit has noted in the context of a motion for reduction of

4  sentence under section 3582(c)(2) that "[s]ubsequent developments affecting a

5  mandatory minimum are relevant . . . to the 'nature and circumstances of the

6  offense,' the 'seriousness of the offense,' the needs 'to provide just punishment for

7  the offense,' and 'to afford adequate deterrence to criminal conduct.'" *United States*

8  *v. Lizarraras-Chacon*, No. 20-30001, 2021 U.S. App. LEXIS 28823, at *13 (9th Cir.

9  Sep. 23, 2021) (citing 18 U.S.C. § 3553(a)(1), (2)(A)-(B)).  Therefore, consistent

10  with the precedent set by *Lizarraras-Chacon*, it is appropriate to consider

11  subsequent legal developments at the second step of the section 3582(c)(1)(A)(1)

12  analysis, when the Court considers the section 3553(a) sentencing factors.  *Accord*

13  *United States v. Roper,* No. CR12-5085 BHS, 2022 U.S. Dist. LEXIS 15273, at *17

14  (W.D. Wash. Jan. 27, 2022).  Subsequent legislative and judicial developments are

15  not considered extraordinary and compelling reasons.  *See id.*

16      Having found that Defendant has not met his burden of presenting

17  extraordinary and compelling reasons justifying compassionate release under section

18  3582(c)(1)(A)(i), the Court need not consider the section 3553(a) factors.  *See* 18

19  U.S.C. § 3582(c)(1)(A).  Nevertheless, the Court acknowledges that the parties have

20  discussed the section 3553(a) factors at length in their briefing, and Defendant

21  contends that the intervening legal developments undermine whether he received a

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 11

1   just and fair sentence.  *See* ECF Nos. 801, 804, and 813.  Therefore, the Court

2   examines whether the section 3553(a) factors support Defendant's request for relief,

3   were they to control the outcome of Defendant's Motion for Compassionate Release.

4   <u>Consideration of Legal Developments</u>

5        As discussed in prior orders on this docket, at the time that Defendant was

6   sentenced for the instant offenses, a previous conviction for a "felony drug offense"

7   triggered a mandatory minimum sentence of twenty years.  *See* ECF No. 693 at 17

8   (citing 21 U.S.C. §§ 802(17)(c), (44), 851(e), and 841(b)(1)(A)(viii).  A "felony

9   drug offense" means an offense that is punishable by imprisonment for more than

10  one year that prohibits or restricts conduct relating to controlled substances.  21

11  U.S.C. § 802(44).

12       However, pursuant to the First Step Act of 2018, a prior offense "triggers a

13  mandatory minimum sentence only if it was for a 'serious drug felony,' as opposed

14  to any 'felony drug offense.'"  *United States v. Asuncion*, 974 F.3d 929, 931 (9th

15  Cir. 2020) (citing Pub. L. No. 115-391, § 401(a)(2), amending 21 U.S.C. §

16  841(b)(1)).  "The term 'serious drug felony' means an offense described in section

17  924(e)(2) of Title 18 for which—(A) the offender served a term of imprisonment of

18  more than 12 months; and (B) the offender's release from any term of imprisonment

19  was within 15 years of the commencement of the instant offense."  21 U.S.C. §

20  802(57); *see also* 18 U.S.C. § 924(e)(2)(A)(ii) (including offenses under state law

21  involving distributing or possessing with intent to distribute controlled substances).

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 12

"In addition, Section 401 of the First Step Act reduces the length of the mandatory minimum sentences triggered by prior drug offenses. . . . The minimum for defendants with one prior conviction is now fifteen years rather than 20." *Asuncion*, 974 F.3d at 931 (citing § 401(a)(2)(A)(i), 132 Stat. at 5220).

Defendant was convicted in Washington State in 1998 for possessing a controlled substance with intent to manufacture or deliver cocaine. ECF No. 693 at 15. The statutory maximum sentence was ten years of incarceration and the standard sentence range was 77 to 102 months. *Id.* at 15–16. Defendant initially received a sentence of 77 months, but, in July 2003, a state court entered a *nunc pro tunc* order amending Defendant's judgment and sentence to correct his criminal history and resentence him to 67 months of incarceration. *Id.* Although Defendant's term of incarceration was interrupted by Defendant's escape from custody in May 1999, Defendant was returned to Washington State custody in September 1999, convicted of second-degree escape, and did not release from custody for the controlled substance and the escape offenses until January 5, 2004. *See id.*

Washington State revised its sentencing scheme in 2005 as a result of *Blakely v. Washington*[4] to confine a trial judge's authority to impose a sentence beyond the standard range. *See* Laws of 2005, ch. 68, § 1; Revised Code of Washington ("RCW") § 9.94A.535. Prior to 2005, the Washington State sentencing scheme gave

_____

[4] 542 U.S. 296 (2004).

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 13

1    trial judges more discretion to impose an exceptional sentence.  *See State v. Hall*,

2    Nos. 54615-5-I, 54782-8-I), 2005 Wash. App. LEXIS 2117, at *10 (Ct. App. Aug.

3    22, 2005) (recounting that former RCW § 9.94A.535 stated that its list of

4    aggravating circumstances was "illustrative only and . . . not intended to be

5    exclusive reasons for exceptional sentences.").

6        In *Valencia-Mendoza*, the Ninth Circuit concluded that Valencia-Mendoza's

7    Washington State conviction was not for a crime punishable by imprisonment by

8    more than one year.  912 F.3d at 1223.  The Ninth Circuit reached this conclusion by

9    determining that while the statutory maximum penalty for the state offense exceeded

10    one year, under the sentencing guideline system in place at the time of Valencia-

11    Mendoza's conviction, the mandatory standard range called for a sentence of six

12    months or less.  *Id.*  The Ninth Circuit has distinguished *Valencia-Mendoza* when

13    examining whether sentences under Washington's pre-2005 sentencing scheme,

14    such as Defendant's 1998 conviction for possession of a controlled substance with

15    intent to manufacture or deliver cocaine, qualify as a predicate offense.  *See*

16    *Asuncion*, 974 F.3d at 933–34.

17        As a result of this caselaw, Defendant's reliance on *Valencia-Mendoza* is

18    confounding to the Court, as the record indicates that Defendant was sentenced to 67

19    months of incarceration for the 1998 offense and, as far as the Court can determine,

20    served more than one year.  *See* ECF No. 693 at 15–16.  Therefore, that conviction

21    qualifies as a "felony drug offense" and also meets the first prong of the "serious

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 14

1  drug felony." *See* 21 U.S.C. § 802(57)(A).  In addition, Defendant's January 5,

2  2004 release date for his 1998 controlled substances offense falls within fifteen years

3  of Defendant's commencement of the instant offenses.  Therefore, the First Step

4  Act's amendments do not affect whether Defendant's 1998 controlled substances

5  conviction would qualify as a predicate offense for a minimum mandatory sentence

6  above ten years.  However, Defendant is correct that the enhanced mandatory

7  minimum applicable to him were he to be sentenced today appears to be fifteen,

8  rather than twenty, years.  *See* First Step Act of 2018 at § 401(c) (providing that its

9  amendments do not apply to sentences imposed before December 21, 2018).

10       While a five-year difference in the applicable mandatory minimum term is

11  significant, the record does not persuade the Court that a fifteen-year sentence was

12  likely in the absence of the twenty-year mandatory minimum, as the sentencing

13  Court already varied downward by a full ten years from the low end of the USSG

14  range to sentence Defendant to twenty years for Counts 1 through 9.  *See* ECF No.

15  583.  In addition, the twenty-year mandatory minimum applied to only three of those

16  counts.  Therefore, the Court does not find that the amendments enacted by the First

17  Step Act significantly alter the analysis of what sentence is warranted considering

18  the 'nature and circumstances of the offense,' the 'seriousness of the offense,' [and]

19  the needs 'to provide just punishment for the offense,' and 'to afford adequate

20  deterrence to criminal conduct." *See Lizarraras-Chacon*, 14 F.4th at 967.

21

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 15

1    With respect to Defendant's argument that he was erroneously deprived of

2    Safety Valve relief, an argument that Defendant does not repeat in his Reply, the

3    Court sees no support in the record that Defendant met the criteria for Safety Valve,

4    which include a requirement that Defendant did not possess a firearm in connection

5    with the offense, played a minor role in the crime, and participated in a debrief.  *See*

6    18 U.S.C. § 3553(f)(1)-(5).

7                        Remaining 3553(a) Considerations

8    The Court agrees with the Government that the seriousness of Defendant's

9    conduct and his leadership role in the instant offenses, involving drug distribution

10    and firearms, heavily weigh against shortening Defendant's term of incarceration.  In

11    addition, even factoring in credit for time served, Defendant is not due to be released

12    until 2031, and, therefore, has not yet served even a half of his term.  Prior terms of

13    incarceration in Defendant's lengthy criminal history did not effectively deter

14    Defendant's criminal conduct, favoring the full term imposed on the instant

15    convictions.  *See* 18 U.S.C. § 3553(a)(1) (considering the "history and

16    characteristics of the defendant") and (a)(2)(B) (considering the need "to afford

17    adequate deterrence to criminal conduct").

18    Furthermore, while the Court commends Defendant for acknowledging that

19    his criminal acts have harmed third parties and the community, the Court finds no

20    tangible demonstration in Defendant's submissions that he has rehabilitated himself

21    to the extent that he no longer poses a risk of danger to the public.  *See* ECF No. 813

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 16

at 9–10.  Consequently, the Court finds that the sentence imposed is needed "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).

Having considered Defendant's renewed request for release pursuant to 18 U.S.C. § 3582(c)(1)(A), as well as the non-binding factors provided by USSG § 1B1.13, the Court finds that Defendant has not demonstrated extraordinary and compelling circumstances to warrant compassionate release.  Nor do the factors under 18 U.S.C. §3553(a) support release.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Construed, Post-Remand Motion for Compassionate Release, **ECF No. 771,** is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel, Mr. Youker at his address at FCI-Englewood, and the U.S. Probation Office.

**DATED** May 5, 2022.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING DEFENDANT'S CONSTRUED, POST-REMAND MOTION
FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)~ 17