FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JASON C. YOUKER,<br><br>　　　　　　　　Defendant. | NO. 2:14-CR-0152-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO AMEND |

BEFORE THE COURT are Defendant's Motion to Reconsider 18 U.S.C. § 3582(c)(1) and Request for leave to Amend defendants 28 U.S.C. § 2255 motion. ECF Nos. 838, 839. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motions are DENIED.

## BACKGROUND

On October 6, 2015, Defendant was charged in a Second Superseding Indictment with 35 counts related to the distribution of methamphetamine and heroin and the unlawful possession of firearms. ECF No 338. Prior to trial, the

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO AMEND ~ 1

government dismissed Counts 12 and 13. ECF No. 424. On November 30, 2015, Defendant proceeded to trial on the remaining 33 counts. ECF No. 431. On December 16, 2015, the jury returned a verdict of guilty on all but one of these counts. ECF No. 501.

The Court determined that Defendant's Total Offense Level was 40 and his criminal history was category III, resulting in an advisory guideline range of 360 months to life in prison. ECF No. 584. On May 24, 2016, the Court sentenced Defendant to only 20 years in prison. ECF No. 583.

First, Defendant's motion to reconsider 18 U.S.C. § 3582(c)(1) is based on his argument that his prior predicate offense no longer qualifies Defendant for the 21 U.S.C. § 851 enhancement to a mandatory minimum of 20 years imprisonment. At the time Defendant committed the crimes and at sentencing, his state drug conviction in 1998 constituted a "felony drug offense" which set the mandatory minimum at 20 years imprisonment. *See* PSIR, ECF No. 570 at ¶ 154. Nothing in the amendment to 21 U.S.C. § 841 made it retroactive. Indeed, 1 U.S.C. § 109 (the federal saving statute) specifically provides that any penalty under such statute is not released or extinguished, unless the repealing Act shall expressly provide for such. Therefore, when Defendant committed his crimes and was sentenced, nothing in the later amendment to § 841 applies to him.

Defendant seeks a sentencing reduction under § 3582(c)(1). Defendant

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO AMEND ~ 2

contends that his advisory guideline range would be reduced. Defendant is wrong. Nothing in the amendment to § 841 changed the calculation of the advisory guidelines. Defendant's Total Offense Level was 40 and his criminal history was category III, resulting in an advisory guideline range of 360 months to life in prison. ECF No. 584. Even if the mandatory minimum were reduced, the sentence imposed is sufficient but not greater than necessary to achieve the purposes and goals of sentencing. The Court has repeatedly considered all the factors and once again denies Defendant's request for a sentence reduction.

Second, at ECF No. 839, Defendant seeks to amend his § 2255 petition that was denied on November 12, 2019. *See* ECF No. 726; *also see* ECF Nos. 730, 759, and 772. Defendant's arguments have been repeatedly raised in the record over the years and were denied.

The Court has fully considered Defendant's arguments and has reviewed the entire record. Defendant's repeated and frivolous arguments are once again denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider 18 U.S.C. § 3582(c)(1), ECF No. 838, is **DENIED**.

2. Defendant's Request for leave to Amend Defendant's 28 U.S.C. § 2255 motion, ECF No. 839, is **DENIED**.

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO AMEND ~ 3

3.  To the extent that 28 U.S.C. § 2253 applies, the Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant at Sandstone FCI.

**DATED** November 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO AMEND ~ 4